MENTEBERRY *v.* GIACOMETTO

No. 2773

May 2, 1928.                                                267 P. 49.

*Campbell & Robins* and *J. T. Dunn,* for Appellant:

*Thos. A. Brandon,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

This is an action to foreclose a real estate mortgage executed by defendant Croteau, to quiet plaintiff's title as against defendant Giacometto, the holder of a tax deed to the property. The defendant Croteau filed written consent that judgment might be taken against him. Defendant Giacometto answered, pleading his tax deed. The plaintiff filed a reply alleging certain facts which, it is stated, show the tax deed to be void. Judgment was rendered for the plaintiff. Giacometto has appealed. The parties will be referred to as plaintiff and defendant.

It is not necessary that we make a detailed statement of the facts, since the only questions involved pertain to the sufficiency of the notice of sale given by the county treasurer.

The statute provides that immediately after the second Monday in June of each year the county treasurer shall advertise for sale all property upon which taxes in amount not to exceed $300 are delinquent, to be held on the third Monday in July next succeeding. That such notice of sale shall be advertised in a newspaper, if there be one in the county, at least once a week from the date thereof until the time of sale; and that such notice shall be published at least 25 days prior to the date of sale—

"and shall specify and give:

"First—The name of the owner, if known.

"Second—The amount of taxes due from him, together with the penalty and costs.

"Third—The description of the property on which such taxes are a lien and which will be sold for the payment thereof.

"Fourth—And that ten (10%) per cent on such taxes and cost of advertising will be collected in addition to the original tax, or the property sold for all of said sums. * * *" Stats. 1919, p. 413, sec. 3.

The taxes on the property in question for 1923 became delinquent in the sum of $52.81, including penalties, and was subject to be advertised for sale after the second Monday in June, 1924, to be held on the third Monday in July, 1924, which was the 25th day of that month. The county treasurer caused to be published a notice of the sale of said property, to be held on July 25, 1924, which appeared in the newspaper on June 28, July 1, and July 8, 1924. Upon discovery of the error in the date of sale, which, under the law, had to be on the third Monday in July, which fell on the 21st instead of the 25th, the notice was corrected to read that the sale would be made on the 21st. The corrected notice was published July 12, 15, and 19, 1924. On July 21 the county treasurer offered the property for sale, at which time the defendant became the purchaser, and in due time obtained a deed from the treasurer therefor.

It is the contention of the plaintiff that the sale and subsequent proceedings are void because the law in reference to the giving of notice was not complied with.

It is said by the defendant that it was formerly the law of this state that, when a tax deed was relied upon, the burden of proving the regularity of every step in the proceedings leading up to the execution and delivery of the deed was upon the holder thereof (State v. W. U. Tel. Co., 4 Nev. 347; Ward v. Carson River etc., 13 Nev. 59; State v. Nev. Cent. Ry., 26 Nev. 265, 68 P. 294, 69 P. 1042), but that such is no longer the rule since the enactment of section 41, Stats. 1923, p. 361, from which we quote:

"All such deeds, whether heretofore or hereafter issued, are primary evidence that the property was assessed as required by law; that the property was equalized as required by law; that the taxes were levied in accordance with law; that the taxes were not paid; that at a proper time and place the property was sold as prescribed by law, and by the proper officer; that the property was not redeemed; that the person who executed the deed was the proper officer; that where the real estate was sold to pay taxes on personal property, the real estate belonged to the person liable to pay the tax; and are (except as against actual fraud) conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed. Such deed conveys to the purchaser the absolute title to the property described therein, free of all encumbrances, except when the land is owned by the United States, or this state, in which case it is prima-facie evidence of the right of possession, accrued as of the date of the deed to the purchaser. No tax heretofore or hereafter assessed upon any property, or sale therefor, shall be held invalid by any court of this state on account of any irregularity in any assessment, or on account of any assessment or tax roll not having been made or proceeding had within the time required by law, or on account of any other irregularity, informality, omission, mistake or want of any matter of form or substance in any proceeding which the legislature might have dispensed with in the first place if it had seen fit so to do, and that does not

affect the substantial property rights of persons whose property is taxed; and all such proceedings in assessing and levying taxes, and in the sale and conveyance therefor, shall be presumed by all the courts of this state to be legal until the contrary is affirmatively shown."

It is clear that no notice advertising the sale for the period of 25 days, as provided by the statute cited, was given. The sale was held on July 21, and the first publication of the notice of sale on that date was on July 12, hence it appears that the required 25 days of publication prior to the sale on July 21 could not have been given.

To overcome the glaring irregularity in the giving of the notice, it is said that the failure to give the 25 days' notice is not one of the irregularities mentioned in section 41, above quoted, concerning which the deed is prima-facie evidence of irregularity, and hence it is an instrument which falls within the provision which provides that such a deed is "conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed."

That portion of section 41 invoked by the defendant in support of this contention is taken from the California Political Code, and had been construed by the courts of that state on two occasions, wherein substantially the same question was raised as is here involved. In Bernhard v. Wall, 184 Cal. 612, 622, 194 P. 1040, 1045, wherein the deed showed on its face that the notice had not been complied with, in that the first notice of sale was given more than 28 days prior to the sale, contrary to the statute, it was held that the tax deed was void.

In Joslin v. Shaffer et al., 66 Cal. App. 69, 225 P. 307, the district court of appeals quotes from the case mentioned, in following its holding, as follows:

" 'The publication was not sufficient to authorize the sale and that the deed based thereon was void. Section 3787, which makes the tax deed "conclusive evidence of the regularity of all other proceedings," from the

assessment down to the deed, does not apply to or cure this defect. Sections 3786 and 3787 must be read and construed together. The phrase "all other proceedings," in section 3787, refers back to section 3786, and, therefore, includes only such proceedings as are not included in section 3786. The presumption as to the proceeding which fixes the time for the sale is prescribed by section 3786. It declares that the tax deed is "primary," meaning prima facie, evidence of the fact that the property was sold "at a proper time." * * * The tax deeds here in question were, therefore, only prima-facie evidence that the tax sales on which they were found were made "at a proper time." A sale made at a time of which legal notice was not given cannot be held to have been made at a proper time.' "

The section in question provides that the tax deed is made prima-facie evidence "that the property was sold as prescribed by law." The law specifically prescribes the notice of sale which must be given, and a sale made without such notice is not made "as prescribed by law," as said in Joslin v. Shaffer.

■ Our statute was evidently taken from the California Code, and is substantially the same; the language of our statute being embodied in one section, though the same matter is enacted in two separate sections in California. Furthermore, the sections of the California Code were interpreted before they were adopted by our legislature. While the construction given the sections by the court of that state is not conclusive, it is very persuasive, and especially so where the construction is reasonable, fair, and just, as in the case mentioned; hence we accept such construction.

■ ■ What we have said would dispose of the matter before us but for the fact that our statute contains a further provision which has never been construed. It is that portion of the section quoted which provides that no tax assessed upon any property, or sale thereof, shall be held invalid because of any irregularity in any assessment, or on account of any other irregularity, informality, omission, mistake, or want of any matter

of form or substance in any proceeding which the legislature might have dispensed with in the first place, and which does not affect the substantial property rights of the person whose property is taxed.

The provision of the statute referred to is not only a most reasonable, but a most fair, and we think, proper one. The sale under the notice which was given is confirmed by the language of the statute just mentioned, and does not amount to a taking of property without due process of law. As a matter of fact, no notice whatever was necessary did not a statute require it. But our statute expressly provides exactly when property shall be sold for delinquent taxes. Such a provision is sufficient notice without further publication of notice of the time of sale. The Supreme Court of the United States, in Hagar v. Reclamation Dist. No. 108, 111 U. S. 701, 28 L. Ed. 569, 4 Sup. Ct. Rep. 663, in considering substantially the same question, disposed of the matter in the following language:

"The law, in prescribing the time when such complaints will be heard, gives all the notice required, and the proceedings by which the valuation is determined, though it may be followed, if the tax be not paid, by a sale of the delinquent's property, is due process of law."

■ This expression of the court of last resort on the question involved is the last word, and is binding upon us whether we like it or not, and while there are other authorities in support of the view expressed, nothing can be gained by a long review of them. In line with the view expressed are Maxwell v. Page, 23 N. Mex. 356, 168 P. 492, 5 A. L. R. 155, and authorities therein cited.

■ However, notice of the sale was actually published. It was published for a length of time which would have been sufficient did the provision relative to due process require published notice, and the statute in the first instance had provided for such a notice. This being true, the curative provision to which we have referred would have remedied the irregularity, had there actually been one, in the publication of the notice.

For the reasons given, the judgment and order appealed from must be, and are hereby, reversed.

ON PETITION FOR REHEARING

September 10, 1928.

*Per Curiam:*

Rehearing denied.