CHARTZ v. CARDELLI Et Al.

No. 2909

September 11, 1930.                              291 P. 311

(See, also, 52 Nev. 278, 286 P. 125.)

*John M. Chartz,* for Appellant:

*Green & Lunsford* and *Wm. M. Kearney,* for Respondents:

## OPINION

By the Court, COLEMAN, J.:

This is an action in effect to quiet title to an interest in real estate.

The complaint alleges that plaintiff held a first mortgage upon an interest in a certain ranch, executed by Tancredi Cardelli, and that Carmelinda Cardelli held a second mortgage thereupon; that plaintiff brought suit to foreclose his mortgage, making both Tancredi Cardelli and Carmelinda Cardelli parties defendants, in which a judgment and decree was entered (see Chartz v. Cardelli, 52 Nev. 1, 279 P. 761); that the interest in the real estate covered by the two mortgages mentioned was

sold for taxes in 1927 and bought in by Carmelinda Cardelli; that in due time the plaintiff redeemed from said tax sale and the county treasurer executed and delivered to him a tax deed conveying said interest so covered by said mortgages; that on September 16, 1928, Tancredi Cardelli died, leaving a will by which he left his entire estate to his widow and children. It is alleged in the complaint that said will has never been probated.

The widow of Tancredi Cardelli and his children are joined as parties defendant with Carmelinda Cardelli.

The heirs of Tancredi Cardelli and Carmelinda Cardelli filed separate demurrers to the complaint, urging several grounds therefor.

The demurrers were sustained, and, the plaintiff electing not to amend his complaint, judgment was entered dismissing the suit. It is from the judgment thus rendered that the plaintiff has appealed.

While several questions are discussed in the briefs and in the oral argument, we think it necessary to consider but one, and that is whether the so-called tax deed vested title in the plaintiff.

It is the contention of the plaintiff that paragraph 4, sec. 3651, Rev. Laws, the same being the revenue law of the state, as amended by chapter 172, sec. 9, Stats. 1925, empowered the county treasurer to convey the interest in the property which was sold to Carmelinda Cardelli for taxes in 1927, and redeemed by the plaintiff, as effectively as a sheriff could do pursuant to section 359, civil practice act, Rev. Laws, sec. 5301.

The chapter, of which the section last mentioned is a portion, deals with the satisfaction of judgments by levy and sale under execution and the redemption therefrom. Section 357 of the act (Rev. Laws, sec. 5299) provides who may redeem from such a sale; such persons being the judgment debtor, or his successor in interest, a creditor having a judgment lien or mortgage on the property sold.

The section designates a mortgagee who redeems a redemptioner.

Section 359 of the act (Rev. Laws, sec. 5301), so

far as here material, reads: "If the property is so redeemed by a redemptioner, either the judgment debtor or another redemptioner may, within sixty days after the last redemption, again redeem it from the last redemptioner, by paying the sum paid on such last redemption with two per cent thereon in addition, and the amount of any assessments or taxes which the said last redemptioner may have paid thereon after the redemption by him, with interest on such amount, and in addition, the amount of any liens held by said last redemptioner prior to his own, with interest; provided, that the judgment under which the property was sold need not be paid as a lien. The property may again, and as often as the debtor or redemptioner is disposed, be redeemed from the officer making the sale, within sixty days after the last redemption, with two per cent thereon in addition, and the amount of any assessments or taxes which the last previous redemptioner shall have paid after the redemption by him, with interest thereon, and the amount of any liens, other than the judgment under which the property was sold, held by the said last redemptioner previous to his own, with interest. Written notice of the redemption must be filed with the recorder of the county; and if any taxes or assessments are paid by the redemptioner, or if he has or acquires any lien other than that upon which the redemption was made, notice thereof must be given to the sheriff and filed with the recorder; and if such notice is not filed, the property may be redeemed without paying such tax, assessment or lien. If no redemption is made within six months after the sale, the purchaser or his assignee is entitled to a conveyance; or if so redeemed, whenever sixty days have elapsed, and no other redemption has been made, and notice thereof given, and the time for redemption has expired, the last redemptioner or his assignee is entitled to a sheriff's deed. * * * "

The revenue act pertains to the levying of taxes, the sale and redemption of property, and kindred matters. Section 3651, Rev. Laws, as amended, alludes particularly to the notice of sale and the matter which must

be stated to such notice; paragraph 4 provides that the notice of sale shall state: "That said property will be sold for all of said taxes, penalties, and costs, specifying the time and place of said sale, and that such sale is subject to redemption within one year after the date of sale by payment of said taxes, penalties, and costs, together with three (3%) per cent per month thereon from date of sale until paid; provided, that such redemption may be made in accordance with the provisions of the civil practice act of this state in regard to real property sold under execution. * * * "

It is this quoted language which it is claimed, by reference to Rev. Laws, sec. 5301, conferred upon the county treasurer the authority to execute the deed in question.

■ We are not in accord with the contention that the deed executed by the county treasurer to the plaintiff vested a title in him.

As we read the portion of paragraph 4, sec. 3651, Rev. Laws, pertaining to tax sales, above quoted, the only right which it was intended to confer upon a mortgagee was that of redeeming the property sold for taxes. We are of that opinion for two or three reasons. Firstly, the language used does not purport to confer upon the county treasurer the authority to execute a deed to one redeeming from a tax sale. Furthermore, the revenue act of this state, section 3653, Rev. Laws, as amended, Stats. 1923, p. 361, c. 203, sec. 3, provides the condition upon which and the person to whom a treasurer's deed may be executed, and the only person to whom such deed may be executed is the purchaser at the tax sale, or his assignee. The fact that the act limits the authority of the treasurer in executing a deed to the purchaser at the tax sale, or his assignee, is conclusive on the question.

■ If there were any doubt on this question it would be our duty to construe the statute so as to avoid absurd, harsh, and unjust results. If we were to give the statute in question the construction contended for, it would likely result in much hardship. For instance, should a person

give three mortgages upon a property worth $25,000, the first being for $2,000, the second for $3,000, and the third for $5,000, it would be possible for the holder of the first mortgage to redeem from a sale for taxes to the third mortgagee and obtain a deed for the property, thereby cutting off the rights of the second and third mortgagees, whereas the first mortgagee might in a foreclosure suit recover every cent he paid out in redeeming the property from the tax sale.

The conclusion which we have reached seems to be right not only from the plain wording of section 3651, Rev. Laws, as amended, and the revenue act as a whole, but also from a consideration of the purpose of section 5301, Rev. Laws, and the difference in the situation which is presented under a tax deed and under a sheriff's deed issued pursuant to a sale under an execution. One who acquires title under an execution sale would take the same subject to the rights of a prior mortgage lien, whereas the acquisition of a valid tax deed cuts off the rights of a prior valid mortgage. It certainly could not have been the intention of the legislature to produce such a result.

While we do not deem it necessary to determine any of the other questions discussed in this case, we may properly say, in view of the insistent contention of appellant based on the fact that the will of Tancredi Cardelli has never been probated, that they have their recourse pursuant to sections 5858 to 5882, inclusive, and section 6671, Rev. Laws.

Perceiving no error in the judgment, it is ordered that it be affirmed.

ON PETITION FOR REHEARING

November 19, 1930.

*Per Curiam:*

Rehearing denied.