EARL F. DAVISON, ALSO SOMETIMES KNOWN AS AND CALLED EARL F. DAVIDSON, APPELLANT, *v.* FRANK GOWEN, COUNTY OF CLARK, STATE OF NEVADA, JOHN DOE, MARY DOE AND DOE CORPORATION, RESPONDENTS.

No. 3703

October 22, 1952.                    249 P.2d 225.

*Taylor & Gubler,* of Las Vegas, for Appellant.

*Geo. E. Franklin,* of Las Vegas, for Respondent, Frank Gowen.

*Roger D. Foley,* of Las Vegas, for Respondent, County of Clark.

## OPINION

By the Court, EATHER, J.:

This is an action to quiet title to lands sold for delinquent taxes. The parties will be referred to as they

appeared in the court below: appellant as plaintiff, respondents as defendants.

Plaintiff acquired the land in question in 1928 by tax sale. Thereafter he paid taxes for the years 1928 through 1932, since which date he has not paid taxes. The property was again sold for delinquent taxes in 1934, and, no bidder appearing, was purchased by the county, a certificate of such sale being issued September 11, 1934. In the absence of redemption a tax deed to the county was executed September 11, 1936. More than 12 years later on December 31, 1948, pursuant to resolution of the board of county commissioners, the property was advertised for sale. On March 2, 1949, the sale was held and the property purchased by defendant Gowen. On the same day, his interest in the property apparently once again aroused, plaintiff brought this action to quiet title. Subsequently, on March 9, 1949, the sale was confirmed by the commissioners and the following day a deed to defendant was executed.

The action was tried without a jury and on October 6, 1949, judgment was rendered in favor of defendants. From that judgment and from order denying new trial this appeal is taken.

The parties stipulated to waive oral argument and to submit the appeal on briefs, and it was so ordered.

The assignment of errors is general in character, plaintiff's contention (apparently) being that the 1936 tax deed to the county was void by virtue of defects in the sale proceedings, in the certificate of sale, and in the deed itself.

Section 6449, N.C.L.1929 (as it stood in 1934), provides that the deed shall be "primary evidence" of the regularity of the proceedings pursuant to which it was executed. The section then provides:

"* * * No tax heretofore or hereafter assessed upon any property, or sale therefor, shall be held invalid by any court of this state on account of any irregularity in any assessment, or on account of any assessment or tax roll not having been made or proceeding had within

the time required by law, or on account of any other irregularity, informality, omission, mistake or want of any matter of form or substance in any proceedings which the legislature might have dispensed with in the first place if it had seen fit so to do, and that does not affect the substantial property rights of persons whose property is taxed; and all such proceedings in assessing and levying taxes, and in the sale and conveyance therefor, shall be presumed by all the courts of this state to be legal until the contrary is affirmatively shown. No action or counterclaim for the recovery of lands sold for taxes shall lie unless the same be brought or interposed within three years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary notwithstanding."

The section thus contains curative provisions together with a special three-year statute of limitations.

With reference to such statutes it is stated in 51 Am. Jur. 997 (Taxation, sec. 1158) in part as follows:

"The majority rule is that if there were jurisdictional or fundamental defects in the sale which rendered the proceedings absolutely void, the statute will not sustain the tax deed, irrespective of whether it is or is not regular and valid on its face."

The preceding section (sec. 1157) states in part as follows:

"* * * the generally accepted rule is that such special statutes of limitation do not run where, by reason of some jurisdictional defect, the tax deed is absolutely void upon its face—not merely voidable but void. * * *"

If the general rule then, is to be applied, the defects here asserted must be fundamental or jurisdictional defects such as would render the deed absolutely void. Otherwise plaintiff is clearly barred by his failure to act for a period of 14½ years. Haskins v. Roseberry, 9 Cir., 119 F.2d 803, 805 (dealing with our statute as we have quoted it).

The defects asserted by plaintiff are not separately, or

in some instances, clearly enumerated. We have, however, to the best of our ability, carefully scrutinized each asserted defect. No one of them, we feel, can be characterized as jurisdictional or so fundamental as to render the deed void. Rather, they would appear to fall within the category of "irregularity, informality, omission, mistake or want of any matter of form or substance in any proceedings which the legislature might have dispensed with in the first place if it had seen fit so to do, and that does not affect the substantial property rights of persons whose property is taxed." Haskins v. Roseberry, supra.

The judgment and order denying new trial are affirmed with costs.

BADT, C. J., and MERRILL, J., concur.