RENNOLD PENDER, Appellant, *v.* CLARK
COUNTY, a Municipal Corporation,
Respondent

No. 3818

January 28, 1955.                    279 P.2d 659.

(Rehearing denied March 7, 1955.)

*Hawkins & Cannon,* of Las Vegas, and *Milton V.
Backman,* of Salt Lake City, Utah, for Appellant.

*Roger D. Foley,* District Attorney, Las Vegas, for
Respondent.

## OPINION

By the Court, BADT, J.:

This appeal grows out of the sale to Clark County by the officials of Clark County of certain parcels of land for nonpayment of taxes. We are presented first with the question as to whether a number of defects in the tax proceedings culminating in a sale to the county and the issuance of a certificate of such sale were cured by our curative statute. There is next involved the effect of the execution of tax deed to the county one day before expiration of the period of redemption. A third question involves the determination of the legal position of the plaintiff who purchased a quit claim deed of the property from the original owners some nineteen years after the execution and delivery of such deed and seeks a decree quieting title by reason thereof.

We hold that the defects in the tax proceedings asserted by plaintiff were not jurisdictional and were cured by the curative provisions of our statute; that, assuming the tax deed to be void by reason of its premature execution, such situation cannot profit the plaintiff.

The facts are simple. For the year 1931 the property

in question was assessed to one W. J. Stewart and the taxes paid. In the following year, 1932, it was assessed to Mina and Helen Stewart. The taxes being delinquent and unpaid for that year, the property was sold and a tax certificate issued by the county tax receiver to the county treasurer on September 11, 1933. Helen and Mina Stewart in 1932 had caused the county tax receiver to segregate the property in question from other property assessed to them, and paid the taxes on the other property while permitting the taxes on the questioned property to go delinquent. The owners neither directly nor indirectly made any attempt to redeem the property from the tax sale, and it does not appear that they were in possession or occupancy of any portion of the land involved. On September 11, 1935, one day before the expiration of two years from the issuance of the tax certificate, and thus one day prior to the time in which the property could have been redeemed under the statute, the county treasurer executed his tax deed to the defendant Clark County. On January 27, 1954, over twenty years after the tax sale and over eighteen years after the tax deed, plaintiff obtained a quit claim deed to the property. On the same day he made a tender to the county treasurer of Clark County, which we may assume to have been an offer to pay the delinquent taxes, interest and penalties. On the following day he commenced the present action.

In the course of the proceedings leading up to the tax sale of September 11, 1933, there was a failure in several respects to comply with statutory requirements. Appellant lists five assignments of error, each growing out of the court's ruling that such failure was cured by the curative provisions of the statute hereinafter quoted. These assignments are as follows, the statutory provisions mentioned being those in effect at the time:

1. Section 6447, N.C.L. 1929, required that notice of tax sale be advertised immediately after the first

Monday of August of each year, that the property be sold on the second Monday in September next succeeding, and that the notice be published in a newspaper at least once a week until the date of sale. Contrary to such direction, the notice of sale in the instant case was published only once, namely, on August 13, 1933.

2. The property was described in the assessment and in the notice of sale by lots and blocks of its subdivision, whereas prior thereto the city council had vacated a portion of the subdivision and restored the property to acreage.

3. The notice of delinquency demanding payment before December 5, 1932 advised that a penalty of 15 percent would be added, whereas the amendment of sec. 6440, N.C.L. 1929, then in effect, Stats. 1931, p. 97, fixed a penalty of 10 percent.

4. The notice did not segregate the taxes, penalties and costs, whereas the said statute then in effect required the notice to specify the amount of taxes due from the taxpayer, "and the penalties and costs as provided by law."

5. Section 6440, N.C.L. 1929, as amended, Stats. 1931, p. 97, required: "* * * the tax receiver shall forward by mail a post card to each taxpayer * * * notifying him of the amount due." No such post card was mailed. The mailing requirement was repealed by Stats. 1933, but the 1931 requirements governed official action at the time.

The county insists that none of the defects is jurisdictional or affected any fundamental rights of the plaintiff, and that all of them are cured by the provisions of sec. 6449, N.C.L. 1929. The relevant portion of sec. 6449 (subsequent amendments to the section do not affect the present situation) reads as follows: "No tax heretofore or hereafter assessed upon any property, or sale therefor, shall be held invalid by any court of this state on account of any irregularity in any assessment, or on account of any assessment or tax roll not having

been made or proceeding had within the time required by law, or on account of any other irregularity, informality, omission, mistake or want of any matter of form or substance in any proceeding which the legislature might have dispensed with in the first place if it had seen fit so to do, and that does not affect the substantial property rights of persons whose property is taxed; * * *."

We are of the opinion that assignments 2, 3 and 4 are clearly within the operation of the statute quoted. Menteberry v. Giacometto, 51 Nev. 7, 267 P. 49; Davison v. Gowen, 69 Nev. 273, 249 P.2d 225; Haskins v. Roseberry, 9th Cir., 119 F.2d 803; Williams v. Board of Supervisors, 122 U.S. 154, 7 S.Ct. 1244, 30 L.Ed. 1088; Longyear v. Toolan, 209 U.S. 414, 28 S.Ct. 506, 52 L.Ed. 859; Hagar v. Reclamation District, 111 U.S. 701, 4 S.Ct. 663, 28 L.Ed. 569.

Assignments 1 and 5, the failure to give the required statutory notice of sale would appear to be more serious, but that they were cured by the provisions of the statute was the holding of this court in Menteberry v. Giacometto, supra. The language of that case, in which the notice of sale clearly failed to comply with the statute, is conclusive. This court there said: "The sale under the notice which was given *is confirmed* by the language of the statute just mentioned * * *. As a matter of fact, no notice whatever was necessary did not a statute require it. But *our statute* expressly provides exactly when property shall be sold for delinquent taxes. Such a provision is sufficient notice without further publication of notice of the time of sale." (Emphasis supplied.)

Appellant insists that his assignment No. 2 is well taken by reason of the decision of this court in Jackson v. Harris, 64 Nev. 339, 183 P.2d 161, but the facts with reference to the description do not even approach similarity. The description given in the notice in the instant case, by lots and blocks of the subdivision, was a complete description and identification of the property. The

mere fact that, upon petition of the owner, the city council had the year before restored a portion of the property to acreage did not affect the accuracy of the description. Thus Jackson v. Harris becomes wholly inapplicable.

In addition to the foregoing five assignments of error, appellant argues at length that it was error to hold that the plaintiff's cause of action was barred by what is generally referred to as "the short statute of limitations." This is found in the last sentence of sec. 6449, N.C.L. 1929, part of which we heretofore quoted. The sentence is as follows: "No action or counter claim for the recovery of lands sold for taxes shall lie unless the same be brought or interposed within three years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary notwithstanding." Appellant cites many authorities to the general effect that such statute begins to run from the date of the tax deed, and that a premature tax deed is void and does not start the statute running. For the purpose of this opinion we may assume, without so deciding, that the tax deed was void by the reason of its premature issue on September 11, 1935, one day prior to the expiration of the two-year statutory period of redemption; and we may assume further, for the sake of argument, that plaintiff's action was therefore not barred by such statute despite the fact that it was commenced over eighteen years after the execution of the tax deed. It is unnecessary to decide these points because, having held that the errors in the tax proceedings were cured by the curative portions of the section it necessarily follows that the tax sale could not be held invalid by reason thereof. The period of redemption would therefore commence to run from that date as provided by law. Upon expiration of that period, title vested in the county by operation of law. The corresponding portion of sec. 6448, N.C.L. 1929, in effect at the time of the proceedings here

involved, read: "If it is not redeemed the title thereto shall vest in the county for the benefit of the county and state and may be disposed of as provided by law." And sec. 6449 provides: "If the property is not redeemed within the time allowed by law for its redemption, the treasurer * * * must make to the purchaser * * * a deed of the property * * *."As this court said in Lyon County v. Ross, 24 Nev. 102, 50 P.1: "The county became the legal owner thereof, at the time the right of redemption expired, for the benefit of the county and state, under the express provision of said section 40." The failure of the county to obtain the tax deed in no way detracted from its right thereto or to the title which vested by operation of law; nor did the failure to execute the tax deed on or after September 12, 1935 vest any new rights in the plaintiff. The respondent county unquestionably had the right to demand its tax deed from the county treasurer upon the latter's failure to execute and deliver the same after expiration of the period of redemption, in failure of such redemption, and could have enforced such right by mandamus. The execution of the tax deed was not indispensable to the vesting of title. Buman v. Sturn, 73 N.D. 561, 16 N.W.2d 837. The failure of the owner to exercise the right of redemption within the time prescribed by law left him in no position to attack the prematurely issued deed. Buman v. Sturn, supra; De Baca v. Perea, 52 N.M. 418, 200 P.2d 715.

The learned trial judge correctly recited the foregoing principles of law and ruled accordingly. He said in part: "* * * the equitable right which the Stewarts had for the two years period immediately following September 11, 1933 vanished by operation of the law upon the expiration of said period, and likewise by operation of law the legal title thereupon vested immediately in the County. N.C.L. 6448. The giving of a tax deed thereafter to the county is a mere ministerial act creating only an indicium of title."

This case and other cases reaching this court, as well as cases that became final in the district courts without appeal, bring to light the failure of county tax officials year after year to follow the clear directions of the statutes, and the foregoing opinion is not intended to condone or to place the stamp of this court's approval upon such failure. Our curative statute, while held by this court in Menteberry v. Giacometto, supra, to be reasonable, fair and proper, should not be considered an invitation by the legislature to county officials to ignore at will directions as to the manner of assessment and collection of taxes and the enforcement thereof by sale of the property. That such failures serve only to breed litigation is evidenced by the instant case.

The judgment and order denying new trial are affirmed with costs.

MERRILL, C. J., and EATHER, J., concur.