BERNARD V. PROVENZANO, Appellant, v. COUNTY OF CLARK, a Political Subdivision of the State of Nevada; HARLEY E. HARMON, GEORGE H. ALBRIGHT, and RODNEY A. COLTON, Constituting Said Board of County Commissioners, Respondents.

No. 3990

December 24, 1957                    319 P.2d 855

*Zenoff, Magleby & Manzonie,* of Las Vegas, for Appellant.

*George M. Dickerson,* District Attorney, Clark County, for Respondents.

## OPINION

By the Court, BADT, C. J.:

Is the following description of a tract of land within the city limits of Las Vegas, Clark County, Nevada, sufficient to support tax proceedings culminating in a deed to Clark County on account of delinquent taxes: "Part SW ¼ Sec 35-20-61  .86A  District L. V. City Limits",

reciting further the taxpayer's name as "Provenzano, Bernard V. and Pearl V., Box 934, Las Vegas, Nevada"?

We hold that it is not.

The actual description of the property is a metes and bounds description approximately 300 words in length, describing an irregular tract 200 feet by 125 feet by 300 feet by 125 feet, paralleling on one side the north line of Fremont Street and on one side the east line of Fifteenth Street and locating the property in the NE¼ of the SW¼ of Section 35, Township 20 S., Range 61 E., M.D.B. & M.

The learned trial judge and counsel for the respondents both recognize the rule that a tax sale, to be valid, must contain an adequate description of the property through all stages of the proceedings. Jackson v. Harris, 64 Nev. 339, 183 P.2d 161, 168. Respondents dispose of that case because of this court's statement in the opinion that: "Each case presents, of course, a distinct fact situation, and each separate description must be considered to determine its sufficiency." That statement was made following our quotation of the general rule appearing at 67 A.L.R. 890, which considered "well over a hundred cases" in which tax sales were held to be void for insufficiency of the description in the notice of sale. The rule we there quoted was: "The general rule is that the description of property in a notice of tax sale must be sufficiently definite and certain to make the land attempted to be described capable of identification, and an insufficient description in such a notice will render the tax-sale certificate and the tax deed based thereon void." Id. 64 Nev. 353, 183 P.2d 168. The statement that each separate description must be considered to determine its sufficiency strengthens rather than weakens the force of Jackson v. Harris as authority when, as below demonstrated, the description there involved was even more adequate than the one in question here.

Respondents also attempt to support the position of the court below, which, in disposing of Jackson v. Harris, was of the opinion that the rule of that case "should

not be extended to cover the situation presented by the present case where the description of the property could not and did not mislead the owner as to what property was involved". This, it is true, amounted to a finding of fact rejecting the explanation made by appellant that he believed from the description given by the county officials that the parcel in question was a parcel of land formerly owned by his former wife, from whom he was divorced in 1950, and whose property was described by legal subdivisions.

Neither of the above contentions can remove Jackson v. Harris from its control of the instant case. It is true that several of the general rules for determining the sufficiency of the description as used by the courts and the text writers refer to descriptions that do not positively mislead the taxpayer or are not calculated to mislead him or descriptions which identify the particular property so clearly that the owner cannot be misled. In referring to those rules in Jackson v. Harris we referred to many other statements of the rule to be followed. We did not adopt any of them. We called attention to the fact that many of such rules were stated far more broadly than warranted by the facts in the cases in which they were applied. We did find that the description used in the assessment roll in Jackson v. Harris, "Filling Station Lot, 300 feet, Value $450.00, Improvements $150.00", and the description used in the tax deed to the county, "T. R. Harris Filling Station Lot 300 feet $450.00; Imp. $150.00; four gas pumps $400.00; Mach. $50.00", both indicating that they were in the town of Fernley, were insufficient. The description of the Provenzano property was even more inadequate. A lot not fully described could probably be more easily identified in a city the size of Fernley than in a city the size of Las Vegas. At least one dimension was recited. At least the name of the owner was included in the description. It was at least described as a filling station. It was at least indicated that it was a town lot. Here we have a reference to .86 acres in a 160-acre tract. The description is so manifestly insufficient and inadequate

that we find it impossible to conclude that it can support the delinquent tax sale. If the argument supporting the sufficiency of this description on the ground that the taxpayer could not have been misled is valid, the same argument would support a description if it identified the parcel as being "Part of Section 35" in place of "Part of SW¼, Section 35".

In Jackson v. Harris we said: "We agree with the often-stated rule that the purpose of the requirement for a description is, first, to give the necessary information or notice of the tax assessed against the particular parcel, to the taxpayer himself; second, that the public may know what property is liable for the tax and is to be sold in case of nonpayment; and third, that the purchaser may obtain an adequate conveyance." To nullify the accomplishment of these purposes by something in the way of an *estoppel* would seem to us to do violence to our holding in Jackson v. Harris and to the cases relied upon in the opinion in that case. Those cases which lean toward the rule that a description is sufficient if it identifies the property so clearly *that the owner cannot be misled* do so because it supports the conclusion that *the description is sufficient*—not because the owner is *estopped* from asserting that he has been misled. It is true that estoppel has been applied in cases where the tax officials used the precise description furnished them by the owner, though even in such situation the majority rule is said to be contra. Power v. Bowdle, 3 N.D. 107, 54 N.W. 404, 21 L.R.A. 328, 44 Am.St.Rep. 511. In the instant case there is nothing to suggest that Provenzano furnished the description that was used by the assessor or the county treasurer.

Many cases are cited by appellant in which descriptions more adequate than that here involved were held insufficient. Cases are cited by respondents in which descriptions less adequate were held to be sufficient. Each party seeks to distinguish the opposing cases thus cited. They do not require discussion. Reconcilement of all the cases is impossible. It is also unnecessary, as we feel that Jackson v. Harris is controlling. We must hold

that the inadequacy of the description invalidated the tax proceedings. The statutory requirement for a description of the property in the advertisement for sale, in the certificate of sale, and in other tax proceedings was not complied with.

Plaintiff's action was to quiet title to the property involved, accompanied by a tender to pay all taxes, interest and penalties against the property. Clark County's answer asserted no defenses other than the delinquent tax deed. The reversal of the judgment that must follow from the conclusions above reached will require an entry of the judgment quieting plaintiff's title as prayed, with a judgment in favor of the county against appellant for the proper amount of accrued taxes, interest and penalties against said parcel.

Reversed.

EATHER and MERRILL, JJ., concur.