PUNTY J. BOGART, Appellant, v. JAMES H. LATHROP AND YVONNE LATHROP, His Wife, Respondents.

No. 7140

June 20, 1974                                    523 P.2d 838

[Rehearing denied July 24, 1974]

*William W. Harrison,* of Reno, for Appellant.

*Stokes & Eck, Ltd.,* of Carson City, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from an order granting summary judgment in favor of the respondents, James H. Lathrop and his wife, Yvonne Lathrop, who had commenced this action in the district court to set aside as void a certain tax sale of real property to the appellant, Punty J. Bogart, which property the Lathrops had previously purchased from the United States.

1.   *The Facts.*

On August 1, 1960, the Administrator of General Services, acting for the United States of America, executed a quitclaim deed conveying a parcel of land located in Lyon County, Nevada, to the Lathrops as grantees. A purchase money promissory note secured by a deed of trust covering the property was executed by the Lathrops on the same day. Both instruments were recorded on September 26, 1960. The deed of trust contained the Lathrops' address. The quitclaim deed did not.

It is agreed that approximately 1 year later Respondent James Lathrop contacted the Lyon County Assessor's office in an effort to determine whether taxes had been assessed on the property. He was informed that the property was not on the tax rolls; that if and when it was assessed he would be so informed. It was further suggested to Lathrop that, since the United States retained a security interest in the property by virtue of the aforementioned trust deed, a tax liability would

not accrue until the security interest was extinguished. Nevertheless, soon thereafter the property was assessed and placed on the tax rolls. Taxes were never paid. A tax deed was executed by the Ex-officio Tax Receiver, transferring the property to the County Treasurer as Trustee for Lyon County. On December 5, 1965, Appellant Bogart purchased the property at a tax sale. It is conceded that no notice of the assessments, delinquencies, tax deed, the sale or redemption rights was ever mailed to the Lathrops.

In 1970, after the Lathrops had paid the promissory note to the United States and the property had been reconveyed to them, they, having never received any notice from the county regarding their property taxes, once again contacted the Assessor, seeking information regarding their tax liability. It was at this juncture that the Lathrops were informed that their property had been sold in 1965 to Appellant Bogart for delinquent taxes.

2. *The Issues.*

Where a motion for summary judgment has been granted, the question on appeal is whether genuine issues of fact were created by the pleadings, affidavits, and proof offered. Zuni Constr. Co. v. Great Am. Ins. Co., 86 Nev. 364, 468 P.2d 980 (1970); Brooks Rent-A-Car Co. v. Allied Credit Bureau, Inc., 83 Nev. 119, 423 P.2d 883 (1967).

We find, as did the lower court, that no genuine issues of fact were created by the pleadings, affidavits, and proof contained in the record. The property was purchased by the Lathrops in 1960. Taxes were first assessed on the property in 1961. Taxes thereafter became delinquent, and a tax deed transferred the property to the Treasurer of Lyon County as Trustee for Lyon County. In 1965, a tax sale was had, and the property was transferred to appellant. No actual notice of the assessments, delinquency, tax deed, tax sale, or redemption rights of respondents was ever given to respondents between 1960 and 1970.

Although notice by publication is all that is required by NRS 361.480 to inform the taxpayer of the date taxes are due and the penalties for nonpayment thereof, NRS 361.565 further requires that notice be given by publication to all persons whose taxes are delinquent *and* that notice by mail be given to each respective taxpayer at such person's last known address. A failure to give the statutorily required notice renders

a subsequent tax deed void. 16 McQuillin, Municipal Corporations, § 44.156, at 439 (3d ed. 1972); Jones v. Walker, 118 P.2d 299 (Cal.App. 1941).

In Jackson v. Harris, 64 Nev. 339, 183 P.2d 161 (1947), and Provenzano v. Clark County, 73 Nev. 348, 319 P.2d 855 (1957), we held that an inadequate description of the property on which the tax was delinquent rendered a tax deed and the subsequent sale void because adequate notice was not given to the taxpayer. In the instant case, no notice whatsoever was ever mailed to the respondents-taxpayers. In order to satisfy the minimum requirements of due process, there must be a compliance with the statutory requirements of notice.

Appellant contends that if the address of the taxpayer was not immediately known or available, no inquiry as to that address was required. We feel that the better rule of law is that a reasonable inquiry to determine the address of the taxpayer is required. Fivas v. Petersen, 300 P.2d 635 (Utah 1956). In this instance, the address of the respondents was a matter of public record in Lyon County. A simple inquiry by the Tax Receiver would have revealed an address to which notice could have been mailed.

Failure to send such notice resulted in a jurisdictional defect, which rendered all subsequent proceedings void. Jackson v. Harris, *supra;* Davison v. Gowen, 69 Nev. 273, 249 P.2d 225 (1952), recognizing the general rule.

Appellant urges that any defect in notice or failure to comply with the notice requirements of the statute are cured by NRS 361.590.[1] Appellant has failed to distinguish between

---

[1]NRS 361.590 provides in pertinent part:

" . . .

"6. No tax assessed before or after July 1, 1955, upon any property, or sale therefor, shall be held invalid by any court of this state on account of:

" . . .

"(c) Any other irregularity, informality, omission, mistake or want of any matter of form or substance in any proceedings which the legislature might have dispensed with in the first place if it had seen fit so to do, and that does not affect the substantial property rights of persons whose property is taxed.

"All such proceedings in assessing and levying taxes, and in the sale and conveyance therefor, shall be presumed by all the courts of this state to be legal until the contrary is shown affirmatively."

jurisdictional defects, which render void a subsequent tax deed and sale, and defects in the form or mode of notice, which do not make a subsequent tax deed and sale void.

Defects of form are "cured" by our curative statute, NRS 361.590, whereas jurisdictional defects are not affected by the statute. Haskins v. Roseberry, 119 F.2d 803 (9th Cir. 1941); Davison v. Gowen, *supra;* Menteberry v. Giacometto, 51 Nev. 7, 267 P. 49 (1928); Pender v. Clark County, 71 Nev. 47, 279 P.2d 659 (1955). To hold otherwise ". . . 'would be to deprive the taxpayer of his estate without due or any process of law, by a mere legislative rescript, pronouncing to be valid a sale which, under the law of the land, was absolutely void when it was made. . . .' . . ." Jones v. Walker, *supra,* 118 P.2d at 302, citing Harper v. Rowe, 53 Cal. 233, 237–238 (1878).

Finally, appellant argues that the Lathrops were barred from commencing the instant action by the 3-year statute of limitation provision of NRS 361.600.[2] Not so. Where the tax deed and sale are void because of a jurisdictional defect, the 3-year limitation does not apply. Davison v. Gowen, *supra.*

The order granting summary judgment is affirmed.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.

---

[2]NRS 361.600 provides:
"No action or counterclaim for the recovery of lands sold for taxes shall lie unless the same be brought or interposed within 3 years after the execution and delivery of the deed therefor by the county treasurer, any law to the contrary notwithstanding."