RICHARD E. BELL, DAVID H. WOZAB, MARGUERITE ANTOINETTE WOZAB, AND ERIC MICHEL WOZAB, APPELLANTS, v. RUBY ANDERSON, TRUSTEE FOR CHURCHILL COUNTY, WILLIAM BURNAUGH, AND JEANA MARIE BURNAUGH, RESPONDENTS.

No. 23130

March 25, 1993                                    849 P.2d 350

*Aebi & McCarthy,* Carson City, for Appellants.

*Perry & Spann* and *Brett K. South,* Reno, for Respondent Anderson.

*Maddox & Walker,* Carson City, for Respondent Burnaugh.

## OPINION

*Per Curiam:*

Appellants brought an action in the district court to set aside a

tax sale of real property and to quiet title in themselves. The trial court held that the Churchill County Treasurer had complied with the notice requirements of NRS 361.565, and that the tax sale was effective. We reverse and remand with instructions.

In 1966, appellants Richard Bell ("Bell") and David Wozab each held an undivided half interest in eighty acres of undeveloped land ("the property") in Churchill County, Nevada ("the county"). David Wozab, a hydrogeologist who often worked overseas, agreed that Bell should make the tax payments on the land. In 1976, David Wozab conveyed his interest in the property to himself, his wife Marguerite and his son Eric as joint tenants for estate planning purposes.

Bell paid taxes on the property until 1985. In 1983 or 1984, Bell and his wife had moved. Bell did not receive the tax assessment in 1985 or in subsequent years because the county did not have a record of Bell's change of address. Bell and his wife, who together own twelve properties, did not discover that they had failed to pay taxes on the property until 1989. Upon contacting county officials, Bell learned that the county had sold the property to recoup the delinquent taxes.

In late 1987 and early 1988, pursuant to NRS 361.565, the county sent notice by first class mail to Bell's former address. The county sent two letters, both of which were returned as undeliverable. The county also published notice in a local newspaper listing Bell as the owner of land for which tax payments were delinquent. The county did not attempt to notify the Wozabs by mail, nor did the county give the Wozabs notice by publication. On August 5, 1988, the county sold the property to respondents William and Jeana Burnaugh for $5,500.

NRS 361.565(1) directs county tax receivers to notify property owners when their property tax payments are delinquent. The tax receiver must publish the notice in a newspaper and send a copy of the notice by first-class mail to the "owner or owners of the property" and the "person or persons listed as the taxpayer or taxpayers on the tax rolls, at their last known addresses, if the names and addresses are known. . . ." NRS 361.565(2), (6)(a). This notice must state the name of the owner, if known, the amount of the delinquent taxes, and that the county will use the property to satisfy the tax obligation, subject to a two-year redemption period. NRS 361.565(5).

Appellants claim that the tax sale was void because the county failed to comply with the strict requirements of NRS 361.565. We agree. Although the Wozabs were record owners of the property, the county failed to name them in its published delin-

quency notice, nor did the county attempt to locate addresses for them in order to send personal notice by first class mail.

In Bogart v. Lathrop, 90 Nev. 230, 523 P.2d 838 (1974), this court held that a tax deed was invalid where the county failed to mail notice of the tax delinquency to the property owners. This court stated: "NRS 361.565 . . . requires that notice be given by publication *to all persons* whose taxes are delinquent *and* that notice by mail be given *to each respective taxpayer* at such person's last known address. A failure to give the statutorily required notice renders a subsequent tax deed void . . . . Failure to send such notice resulted in a jurisdictional defect, which rendered all subsequent proceedings void." *Id.* at 232-33, 523 P.2d at 839-40 (emphasis added); *see also* Foreclosure of Tax Liens, Etc. v. Young, 316 N.W.2d 362 (Wis. 1982); Teslovich v. Johnson, 406 A.2d 1374 (Pa. 1979); Rosholt v. County of Snohomish, 575 P.2d 726 (Wash.Ct.App. 1978). The county failed to comply with the requirements of NRS 361.565 because it did not serve notice upon the Wozabs as required by the statute. Therefore, the county did not have the authority to conduct a tax sale of the property.

Respondents contend that the county satisfied the requirements of NRS 361.565 because the Wozabs' interest in the property was not "known" within the meaning of the statute. Respondents contend that the county treasurer, the official responsible for the collection of taxes, could rely upon the title as it appeared in the county assessor's tax roll. At the time of the delinquency, the assessor listed the owner of the property as "Bell, Richard E. ET AL." Respondents conclude that the county treasurer knew only of Bell's interest.

This court should construe NRS 361.565 so as to give effect to all of its parts. Nevada Tax Comm'n v. Bernhard, 100 Nev. 348, 351, 683 P.2d 21, 23 (1984); Board of County Comm'rs v. CMC of Nevada, 99 Nev. 739, 744, 670 P.2d 102, 105 (1983). NRS 361.565(6)(a) specifies that the tax receiver must give personal notice to the "owner or owners" of the property *and* the "person or persons listed as the taxpayer or taxpayers on the tax rolls." The Legislature defined two classes of persons entitled to notice: those who own the property and those who are listed on the tax roll. If the county treasurer could rely solely upon the tax roll to determine the owners of the property, the former classification would be rendered meaningless. The better view is to construe "owner or owners" as requiring the county to conduct a more extended search, which includes the title records for the property.

Respondents' interpretation of NRS 361.565 would also render it unconstitutional. "[P]rior to an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795 (1983) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). The United States Supreme Court held that, prior to a tax sale, a county tax collector must give personal notice to the holder of a recorded interest in the land. Mennonite Bd. of Missions v. Adams, 462 U.S. at 798. This court has held that the county must also make a reasonable inquiry to determine the location of the taxpayer. Bogart, 90 Nev. at 233, 523 P.2d at 839-40. Mennonite Board of Missions and Bogart both indicate that a county tax collector's duty of inquiry extends beyond the tax roll. At a minimum, the Due Process Clause required the county to make a reasonable inquiry as to ownership of the property by consulting the county's land title records.

Where a statute is susceptible to more than one interpretation, this court will interpret the statute so that it complies with constitutional standards. Sheriff v. Wu, 101 Nev. 687, 689-70, 708 P.2d 305, 306 (1985); Sheriff v. Luqman, 101 Nev. 149, 154, 697 P.2d 107, 111 (1985). Accordingly, we decline to interpret NRS 361.565 as limiting the county's duty of inquiry to the tax roll because, under that interpretation, the statute would not meet the constitutional standard of notice.

We have reviewed respondents' other contentions and find that they lack merit. In view of our decision, we need not consider appellants' other assignments of error. Accordingly, we reverse the judgment entered below and remand the matter to the district court with instructions to enter judgment quieting title to the land in appellants.