An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MCPHEE HENDERSON, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Appellant,<br>vs.<br>WASHOE COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; AND TAMMIE DAVIS, WASHOE COUNTY TREASURER AND EX OFFICIO TAX RECEIVER,<br>Respondents. | No. 65803 |

**FILED**

DEC 2 1 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to dismiss in a real property action. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

In 2008, Dr. Ken Matsumura, the sole member of appellant McPhee Henderson, LLC, purchased a condominium through McPhee Henderson. McPhee Henderson hired attorney James G. Sanford as its registered agent and provided Sanford with funds to pay the condo's property taxes. Sanford subsequently suffered through a long illness and died on December 16, 2011. During Sanford's illness, the property taxes became delinquent.

From 2009 to 2011, the office of respondent Tammie Davis, Washoe County Treasurer, mailed delinquent tax notices to the condo, to Sanford's address listed on the Secretary of State's website for McPhee Henderson, and to an address for Lauri Kalanges, allegedly Sanford's spouse. Most of these notices were returned as not deliverable or unclaimed. The condo itself was not able to receive mail service because it

SUPREME COURT
OF
NEVADA

(O) 1947A

15-39093

did not have a mailbox. The Treasurer published notice of the delinquent taxes in the Reno Gazette Journal and recorded a tax deed and lien.

A tax sale was approved on October 11, 2011, and the Treasurer requested a lot book and sent, by certified mail, tax sale notices to the condo, to Chicago Title Insurance ServiceLink Division, and to LaSalle Bank as trustee for Washington Mutual Mortgage. The letter to the condo was returned as undeliverable. The Treasurer then sent a letter to ServiceLink, inquiring about an alternate address for McPhee, but none was available. The Treasurer also sent a tax sale notice to Kalanges, twice posted notice on the condo's front door, and published notice in the Reno Gazette Journal four times. The property was sold at a tax sale on April 25, 2012.

After the tax sale, McPhee Henderson sued, among others, respondents Washoe County and the Treasurer to set aside the tax sale. Respondents moved to dismiss, providing evidence of their attempts to notify McPhee Henderson of the delinquent taxes and the tax sale. The district court granted the motion to dismiss, finding that the Treasurer made reasonable attempts to notify McPhee Henderson of the tax sale under NRS 361.595(3)(b). This appeal followed.

Initially, because the district court considered evidence outside of the complaint, the district court converted the motion to dismiss into a motion for summary judgment. NRCP 12(b). We review an order granting a motion for summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

NRS 361.595(3)(b) requires the Treasurer to mail the tax sale notice by certified mail, return receipt requested, to the owner of the parcel shown on the tax roll and to any other person or entity who appears

to have an interest in the parcel. If the return receipt is returned unsigned, "the county treasurer must make a reasonable attempt to locate and notify the owner or other person or governmental entity before the sale." *Id.* Here, the return receipt for the tax sale notice to McPhee Henderson at the condo was returned unsigned. McPhee Henderson argues that the Treasurer did not then "make a reasonable attempt to locate and notify" it of the tax sale. It argued, among other things, that in addition to the actions that the Treasurer took, the Treasurer should have attempted to contact the homeowners' association identified in the lot book and searched for an address for Ken Matsumura, whose name (without an address) was referenced on a check from ServiceLink for a 2008 tax payment.

Over the course of several years, the Treasurer mailed notices regarding the delinquent taxes and the tax sale to the property, to Sanford, who was the only person listed as the manager and registered agent for McPhee Henderson on the Nevada Secretary of State's website, to an address for Lauri Kalanges, to Chicago Title Insurance ServiceLink Division, and to LaSalle Bank as trustee for Washington Mutual Mortgage. The Treasurer also published notice of the delinquent taxes and the tax sale in the Reno Gazette Journal, recorded a tax deed and lien, and physically posted notice of the tax sale on the condo's door. In these circumstances, while it certainly would have been helpful for the Treasurer to contact the homeowners' association or to attempt to search for an address for Matsumura, the Treasurer's failure to take these actions do not render unreasonable the actions that she did take to locate McPhee Henderson. Hence, the actions that the Treasurer took satisfied her burden to "make a reasonable attempt to locate and notify" McPhee

Henderson of the tax sale. NRS 361.595(3)(b); *see also Jones v. Flowers*, 547 U.S. 220, 226 (2006) (holding that, where the government is aware that its attempt to notify a parcel owner of a tax sale has failed, due process requires the government to take additional reasonable steps to provide the parcel owner with notice of the tax sale); *Bogart v. Lathrop*, 90 Nev. 230, 232-33, 523 P.2d 838, 839-40 (1974) (requiring the Tax Receiver to make a reasonable inquiry into the address of a taxpayer). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Scott N. Freeman, District Judge
Carol Webster Millie, Settlement Judge
Law Offices of Thomas J. Hall
Washoe County District Attorney/Civil Division
Washoe District Court Clerk

---

[1]We decline to consider the qualified immunity issue because it is moot, both because we affirm the judgment in the County's favor and because McPhee Henderson alleged no monetary damages against the County.

We have considered appellant's other arguments and conclude that they lack merit.