# IN THE SUPREME COURT OF THE STATE OF NEVADA

DIAKONOS HOLDINGS, LLC, AS
TRUSTEE OF LA CALERA TRUST,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 75620

**FILED**

JUL 10 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court determined that NRS 116.31162 and NRS 116.311635's notice provisions impose a duty of reasonable inquiry on an HOA to locate a unit owner's successor in interest when the HOA is aware that the unit owner is deceased and is aware that the foreclosure notices are not being successfully delivered the unit's address. Because the HOA in this case made no inquiry whatsoever, the district court declared the sale void for failure to provide the statutorily required notices.

Appellant contends that it would have been "legally and practically impossible" for the HOA to locate the unit owner's successor in interest because the unit owner's will was never presented for probate.[2]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Appellant also contends that respondent was not prejudiced by the HOA's failure to mail the foreclosure notices to the unit owner's successor in interest. We decline to consider this argument as it was raised for the first time on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

19-29279

However, appellant has not cited any legal authority to support the proposition that the only way to ascertain a decedent's successor in interest is via a probate proceeding, nor are we persuaded that the only practical means of doing so would be via a probate proceeding. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (a party is responsible for supporting its arguments with salient authority). Thus, based on the facts of this case and the arguments that have been timely raised, we are not persuaded that the district court erred in declaring the sale void based on the HOA's failure to make any effort to locate the unit owner's successor in interest such that the statutorily required foreclosure notices could be successfully delivered. *Cf. Bogart v. Lathrop*, 90 Nev. 230, 232-33, 523 P.2d 838, 839-40 (1974) (determining that a statute requiring a tax foreclosure notice to be mailed to the taxpayer's "last known address" imposed a duty of "reasonable inquiry" to determine that address); *cf. also Rosenberg v. Smidt*, 727 P.2d 778, 783 (Alaska 1986) (same in context of a deed of trust foreclosure statute). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Adriana Escobar, District Judge
Hong & Hong
Akerman LLP/Las Vegas
Eighth District Court Clerk