[No. 934.]

## P. PARONI, RESPONDENT, v. W. F. ELLISON ET AL., APPELLANTS.

CONSTRUCTION OF DEED—SUFFICIENCY OF DESCRIPTION.—Where a deed described the property as "that certain piece or parcel of timber land lying and being about forty-five miles, northerly direction, from the town of Eureka, * * * and the said timber land being known as McLeod Wood Ranch, and containing about five hundred acres more or less:" *Held*, that the deed sufficiently describes the property by name.

EJECTMENT—POSSESSION OF PURCHASER PRIOR TO DEED.—In an action of ejectment it is admissible for plaintiff to introduce evidence that he took possession of the property after his agreement to purchase and before he received a deed, and to state what his acts of possession were.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The testimony relative to the question of actual possession by the plaintiff and his grantor is briefly and substantially as follows: McLeod located the land in dispute on the sixteenth day of February, 1876, and marked the lines with brush fence and blazed trees. At the time of his location there had been no appropriation of the land. He erected a cabin and put men at work upon the ranch chopping wood. On the seventh day of September, 1877, he sold the ranch to plaintiff and J. J. Maggaroli, and put them in possession of the property. Maggaroli remained in possession, and plaintiff and McLeod went to Eureka, where the deed was executed by McLeod and delivered to plaintiff, on the fifteenth of September.

On the seventeenth of the same month plaintiff learned

that defendants had taken possession of the ranch.   Prior to that date he had sent some men to the ranch to cut wood.

*A. M. Hillhouse*, for Appellants:

I. The deed from McLeod to Paroni is void for uncertainty and does not embrace the premises in dispute.   When a natural object, such as a creek, is called for in a conveyance, it is conclusive over mere courses, distances or names. (*Holmes* v. *Trout*, 7 Peters, 217; *McIver's Lessee* v. *Walker*, 9 Cranch, 173; *Newson* v. *Pryor*, 7 Wheat. 7; *Blake* v. *Dougherty*, 5 Id. 362; *Walsh* v. *Hill*, 38 Cal. 481; *Colton* v. *Seavey*, 22 Id. 496; *De Arguello* v. *Green*, 26 Id. 615.)   No extrinsic evidence is ever permitted which in any way contradicts the terms of the conveyance.   (*Altschul* v. *S. F. C. P. H. A.*, 43 Cal. 173; *Pierson* v. *McCahill*, 21 Id. 122; *Richardson* v. *Scott River Co.*, 22 Id. 150; *Lennard* v. *Vischer*, 2 Id. 37; *Clark* v. *Lancaster*, 36 Md. 196; 1 Wharton's Law of Evidence, sec. 1050; *Stanley* v. *Green*, 12 Cal. 148.)

II. The description in this deed is so uncertain as to render it void.   (*Fenwick* v. *Floyd*, 1 Har. & Gills R. 172; *McLaughlin* v. *Bishop*, 35 N. J. L. 512.)

III. If the deed is good, then there is not sufficient proof of occupation by the grantor of plaintiff to sustain the findings and judgment.   (*Hutton* v. *Schumaker*, 21 Cal. 453; *Polack* v. *McGrath*, 32 Id. 20; *Brumagin* v. *Bradshaw*, 39 Id. 44; 12 Nev. 66; 11 Id. 171; 9 Id. 20; 4 Id. 59.)

IV. The court erred in admitting evidence that the plaintiff, after the ouster by defendants, was proceeding to get men to work upon the premises.   (*Sowder, etc.* v. *McMillian's Heirs*, 4 Dana, 456; 4 Nev. 59.)   The court erred in holding and deciding that plaintiff at the time of the entry of defendants, was proceeding with diligence to complete his occupation of the premises, because there is no proof that plaintiff had done anything prior to the alleged ouster to which any subsequent act could by relation attach. Besides all the alleged sale of these premises prior to the fifteenth of September, 1877, was parol and incompetent. (1 Comp. Laws, sec. 283, p. 87; 3 Nev. 507.)

*George W. Baker* and *John T. Baker*, for Respondent:

I. It is essential to the validity of a conveyance that the property conveyed should be so described as to be capable of identification; but it is not essential that the deed should itself contain such a description without the aid of extrinsic evidence. (3 Cal. 59; 12 Id. 148; 44 Id. 253.) The defendants did not connect themselves with the title of plaintiff's grantors but were mere intruders. (*Walsh* v. *Hill*, 38 Cal. 482.

II. The acts of the plaintiff showed sufficient possession of the land in dispute.

III. The possession and occupation by Paroni was sufficient to hold the land independent of the deed. (2 Nev.· 280; 4 Id. 68; 15 Cal. 27; 25 Id. 122; 43 Id. 574; 44 Id. 246; 45 Id. 280, 597.)

By the Court, HAWLEY, J.:

This is an action of ejectment to recover a certain tract of land situated in Eureka county. The plantiff obtained judgment and the defendants appeal.

1. It is claimed that the deed from McLeod to Paroni is void for uncertainty of description and that the description does not embrace the premises in dispute. The description in the deed is as follows: "That certain piece or parcel of timber land lying and being about forty-five miles, northerly direction, from the town of Eureka, * * * and the said timber land being known as McLeod wood ranch and containing about five hundred acres more or less." The description in the complaint is as follows: "That certain wood and timber ranch situated in said county of Eureka, Nevada, about ten miles from Alpha station, on the Eureka and Palisade railroad" (here follows a description by metes and bounds) "and containing about seven hundred and twenty-six acres of land and being the ranch known as the McLeod & McFail ranch." The rule is well settled that any defect or uncertainty which may exist in the description given in a deed does not render the deed void if that event can be avoided by construction. The deed in question sufficiently

describes the property by name. (*Stanley* v. *Green*, 12 Cal. 148; *Haley* v. *Armstrong*, 44 Id. 138.) Such a description can always be rendered certain by extrinsic evidence, and the testimony, which was properly admitted, clearly shows that the property in dispute is the same that was intended to be conveyed by the deed. It was the only wood ranch owned by McLeod in the locality designated. The testimony did not, in any manner, contradict the description given· in the deed. The court did not err in admitting the deed in evidence against the objections urged by appellant.

2. The acts of Paroni in taking possession of the property after the purchase of the same from McLeod, and prior to the execution and delivery of the deed, were properly admitted in evidence. The testimony shows that the defendants did not enter upon the land until the fifteenth day of September, 1877, the day of the execution and delivery of the deed. The testimony of Paroni, that he and a hired man went out to the ranch on the seventeenth day of September, and that when the hired men went to work they were ordered off by the defendants, only tended to establish the fact of ouster, and was certainly admissible for that purpose.

3. The evidence upon the question of actual possession by the plaintiff and his grantor is, in our opinion, sufficient to sustain the findings and judgment of the court.

The judgment of the district court is affirmed.