## TOLTEC RANCH COMPANY *v.* BABCOCK.

ERROR TO THE SUPREME COURT OF THE STATE OF UTAH.

No. 49.  Argued November 3, 1903.—Decided December 21, 1903.

Adverse possession under claim of right for the period prescribed by the statute of limitations of the State of Utah after the act granting the land and before a patent has been issued by the United States to the Central Pacific Railroad Company for a part of its land grant within that State, and not within its right of way, will prevail against the patent.

THE facts are stated in the opinion.

*Mr. Maxwell Evarts* for plaintiff in error. *Mr. Lindsay R. Rogers* and *Mr. T. D. Johnson* were on the brief.

*Mr. B. H. Jones* for defendant in error, submitted.

MR. JUSTICE McKENNA delivered the opinion of the court.

Plaintiff in error is a corporation, and brought this action in 1899 in the District Court of the First Judicial District of the State of Utah, county of Box Elder, for the recovery of the possession of sixty-four acres of land in section 17, township 11, north of range 2 west. The plaintiff alleged title in fee. The answer alleged that defendant, William Babcock, held the land as agent of his wife Louisa Babcock, who settled upon it as a homesteader, having the qualifications thereof, in 1867, erected improvements of the value of $1500, and that the land was reserved from the grant of the Central Pacific Railroad Company. The answer also alleged continuous adverse possession for thirty years under the statutes of Utah. The replication admitted Louisa Babcock had been in exclusive possession for thirty years, neither admitted nor denied that the land was within the grant to the Railroad Company, denied the value of the improvements, and denied also that the action was barred by the sections of the statute of limitations cited by the defendant's answer.

Louisa Babcock intervened. She denied the allegations of the plaintiff, set up her settlement as a homesteader and the rights acquired by exclusive and adverse possession under sections 2858 to 2872, inclusive, of the Revised Statutes of Utah. She also alleged that "on the 5th day of September, 1896, under a mistake and entirely without authority of law, a patent of the United States was issued purporting to convey to the Central Pacific Railroad Company, under the acts of Congress granting lands to the Pacific railroads, the lands in controversy." And she prayed that "said patent be annulled and set aside, and for such other and further relief as may be just."

The plaintiff, answering the complaint in intervention, admitted the issuance of the patent, but denied all other allegations.

There was also an action brought by the Toltec Company

against Babcock for hay and alfalfa seed alleged to have been grown upon the land. The answer raised the issues presented in the ejectment case.

The plaintiff depended for title upon a patent issued to the Central Pacific Railroad Company the 5th of September, 1896, in pursuance of the acts of Congress of July 1, 1862, and July 2, 1864, 12 Stat. 489, c. 120; 13 Stat. 356, c. 216, and a conveyance from the company to it by deed dated November 4, 1897. Against this title adverse possession was claimed as we have seen.

The cases were tried together and to a jury, which found "the issues in favor of the defendants and against the plaintiff, 'no cause of action.'" Judgment was entered for defendants. It was affirmed by the Supreme Court of the State on appeal. 66 Pac. Rep. 876.

The court concluded its opinion as follows: "From the foregoing considerations, and from a careful examination of the proof, we are of the opinion that the intervenor is entitled to hold the land in controversy; and the crops raised thereon, by adverse possession, and that, as against the plaintiff, she has the absolute title thereto. We see nothing in the record which justifies a reversal. The judgment is affirmed, with costs."

This writ of error was allowed by the Chief Justice of Utah. It presents the same questions which have been decided in *Toltec Ranch Company* v. *Cook et al., ante,* p. 532. On the authority of that case, therefore, the

*Judgment is affirmed.*

Mr. Justice Brown concurs in the judgment.