[No. 2350]

MILLIE L. RODGERS, SOMETIMES KNOWN AS MAL-
VINE RODGERS, AS SUBSTITUTED PLAINTIFF FOR
ELIZABETH A. RODGERS, EXECUTRIX OF THE LAST
WILL AND TESTAMENT OF ARTHUR RODGERS, APPEL-
LANT, *v.* L. N. CARPENTER, RESPONDENT.

[189 Pac. 67]

1. ADVERSE POSSESSION — IMMATERIAL THAT PROPERTY WAS
ACQUIRED UNDER MISAPPREHENSION.
    The mode of acquiring possession of property by one claim-
ing adversely under Civil Practice Act, sec. 572, is of no con-
sequence, and it is immaterial that possession was taken under
misapprehension or mistake.

APPEAL from Sixth Judicial District Court, Humboldt
County; *Edward A. Ducker,* Judge.

Action by Elizabeth A. Rodgers, executrix of the last
·will and testament of Arthur Rodgers, deceased, against
L. N. Carpenter. In the course of the trial, Millie L.
Rodgers, sometimes known as Malvine Rodgers, was
substituted as plaintiff. From a judgment for defen-
dant, and an order denying a new trial, plaintiff appeals.
**Order ˊsustained and judgment affirmed. ˍPetition for
rehearing denied.**

*W. M. Kearney,* for Appellant:

The burden of proving adverse possession is always
upon the person who relies upon it. Collins v. Riley,
104 U. S. 328; Ball v. Kehl, 30 Pac. 780; S. P. Co. v.
Whitaker, 41 Pac. 1083. The claimant must show every
element necessary to constitute title by adverse posses-
sion. Janke v. McMahon, 133 Pac. 21. He must show
that the possession was actual, open, and ˋnotorious;
continuous for the full statutory period; exclusive, hos-
tile, and under claim of right; and, where the statute
requires the payment of taxes as an element, this must
also be proven by the party setting up the claim. Clarke
v. Clarke, 66 Pac. 10; Wood v. Chapman, 49 Pac. 136.

The record evidence overwhelmingly establishes that
appellant and her predecessors purchased and paid the

taxes on the land in question, and, when their dominion was questioned, promptly sought to quiet the title. On the other hand, the written documents, acts, and surrounding circumstances involving respondent's claims, irresistibly lead to the conclusion that his spoken words do not measure up in comparison, and that the true facts support the legal title throughout.

"Assuming that the plaintiff did occupy the land in question, his evidence, taken as a whole, judged in the light of surrounding facts, indicates that his possession or intrusion upon the land was by mistake, * * * but without any intention on his part to claim the title to any other land than was embraced by the boundary of the claim." King v. Brigham, 31 Pac. 601, 605.

*Sardis Summerfield*, for Respondent:

The practically undisputed evidence, the letter of the law, and good conscience cooperate in demanding an affirmance of the judgment of the lower court.

The main and controlling fact in the case is the occupancy, enclosure, and reclamation of the land by respondent and his predecessors in interest for a continuous period long in excess of the time required by statute to identify him and them as the true owners of the land. The evidence in support of dominion, occupancy, enclosure, and reclamation of the disputed land by respondent and his predecessors is clear, weighty, and convincing. The words "seized" and "possession" have clear and unmistakable legal meanings. *"Seized:* A word said to be equivalent to 'having,' or 'owning,' or 'owning or entitled to,' or 'possessed.'" 35 Cyc. 1371. *"Possession:* The legal ideas, though varying according to circumstances, still embraces the conception of right as well as that of physical control." Fuller v. Fuller, 84 Me. 475. "It implies a present right to deal with the property at pleasure and to exclude other persons from meddling with it." Sullivan v. Sullivan, 66 N. Y. 37; Paragiano v. Villani, 117 Ill. App. 372; Garvey v. Union

Trust Co., 52 N. Y. Supp. 260; Baily v. Bond, 77 Fed. 406.

"The possession must be by actual occupation open and notorious, not clandestine; it must be hostile to the title of the owner of the servient estate; it must be held under a claim of title, exclusive of any other right, as one's own; it must be continuous and uninterrupted for a period of five years prior to the commencement of the action." Howard v. Wright, 38 Nev. 25.

By the Court, SANDERS, J.:

Elizabeth A. Rodgers brought this action in 1914 as executrix of the last will and testament of Arthur Rodgers, deceased, in the district court of Humboldt County, to quiet title to the north half of the northwest quarter of section 11, township 26 north, range 31 east, M. D. B. & M. She alleges that her testator, Arthur Rodgers, in his lifetime and at the time of his death was the owner and seized in fee of said lands.

The defendant, L. N. Carpenter, denies by his answer the ownership and seizin of plaintiff's testator, and for further answer and by way of counterclaim and cross-complaint alleges that he is now, and, by himself and his predecessors in interest, for a period of over thirty years continuously last past has been, the owner, seized in fee, in the possession of, and entitled to the immediate possession of, all and singular the real property described in the plaintiff's complaint, and that the defendant now holds and, continuously for the period last aforesaid, has held, by and through himself and his predecessors in interest, the open, notorious, peaceable, quiet, and adverse possession of said real property, and the whole thereof, against said plaintiff and the whole world, and has caused the same to be protected by a substantial inclosure and fence, and has caused the same to be cultivated and improved in accordance with the usual and ordinary methods of husbandry, and has paid all taxes levied and assessed against said land, and

demands judgment that his title to the land be quieted as against plaintiff.

The plaintiff for reply denies, upon her information and belief, the allegations of the answer and counterclaim of the defendant, and reiterates her prayer that her title to the premises be declared good and valid, and that the defendant be forever enjoined and debarred from asserting any claim whatsoever in or to said premises adverse to the plaintiff.

In the course of the trial, had before the court without a jury, an order was made and entered substituting Millie L. Rodgers, sometimes known as Malvine Rodgers, as plaintiff in the place and stead of Elizabeth A. Rodgers, executrix, etc., and the cause was ordered to continue in the name of said Millie L. Rodgers, as plaintiff.

The district court found:

"That during all the times mentioned in plaintiff's complaint and in plaintiff's reply to defendant's answer and cross-complaint, defendant L. N. Carpenter was continuously in the open, notorious, peaceful, and quiet possession of said property, and the whole thereof, under the claim of right and having manifested during all the said time his claims of ownership of said property by keeping the same inclosed by fence and improving and cultivating the same.

"That the inclosure of said lands by the defendant L. N. Carpenter and by his predecessors in interest and their reclamation of said lands by means of the construction of ditches, the gradual irrigation of said lands commenced not later than the year 1874, and has been continued by the defendant and his predecessors in interest under a claim of right, openly, notoriously, peaceably, and adversely to plaintiff and her predecessors in interest, ever since said date until the time of the rendition of the decision of the court in this action."

The plaintiff excepted to these findings, and proposed other findings, which were refused, and the court then

rendered and caused to be entered its judgment, in accordance with its findings, in favor of defendant and against the plaintiff.

The plaintiff appeals from the judgment, as well as from an order denying to her a new trial.

From a careful examination of the proof, we are of the opinion that as against the plaintiff the defendant has the absolute title to the lands in controversy. The evidence sufficiently shows that L. N. Carpenter acquired a possessory right to the land in 1873. It shows that in 1874 he inclosed the land with a substantial fence and continued in the open, notorious, quiet, and peaceable possession thereof, used the land in accordance with the usual and ordinary methods of husbandry, and claimed and exercised an exclusive possessory dominion over the land throughout all of these years. In addition thereto, it appears that plaintiff's grantors, both immediate and remote, knew, or were in a position to know, that Carpenter claimed the premises as his own. In fact, it appears that as early as 1889 one of the plaintiff's grantors and predecessors in interest broke and entered Carpenter's close and was driven off by Carpenter, and at no time thereafter did the intruder set up any claim or title to the premises.

The only point made in support of this appeal is that Carpenter ought not to be allowed to prevail in this action, because he obtained possession of the land upon which he relies under a misapprehension or mistake, and therefore his possession was not adverse, but, on the contrary, is in subordination to plaintiff's legal title, and that Carpenter's acts in fencing and cultivating the land were not inconsistent with the title of the true owner. We do not concur in this contention. The plaintiff brought her action in pursuance of the provisions of section 572 of the Civil Practice Act (Rev. Laws, 5514). The defendant's mode of acquiring possession of the property in controversy is of no consequence. The statute gives the right of action to any person in

possession, irrespective of the mode by which possession has been acquired. We are not authorized to create exceptions or impose limitations which the statute does not recognize, and can perceive no good to be subserved by doing so, even if we had the power. Scorpion S. M. Co. v. Marsano, 10 Nev. 378.

Counsel for appellant invokes the rule of McDonald v. Fox, 20 Nev. 364, 22 Pac. 234, in support of the contention that Carpenter's possession was acquired by mistake. As said by the trial court, McDonald v. Fox is not in conflict with any rule of law applied by the court in making its findings, but is in accord therewith. We think the history of Carpenter's possession and the true facts bring his case more nearly within the rule announced in the case of Toltec Ranch Co. v. Babcock, 24 Utah, 183, 66 Pac. 876, affirmed by the Supreme Court of the United States, 191 U. S. 540, 24 Sup. Ct. 166, 48 L. Ed. 294.

The order denying plaintiff's motion for a new trial is sustained, and the judgment is affirmed.

COLEMAN, C. J.: I concur.

DUCKER, J., did not participate, having presided at the trial in the lower court.

ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.