ANNA PARKS, Appellant, *v.* ANNETTE R. QUINTANA, Executrix of the Estate of MACKLEY ODETT, Deceased, Respondent.

No. 6215

December 11, 1970                    477 P.2d 869

*Tad Porter,* of Las Vegas, for Appellant.

*Harry E. Claiborne* and *James J. Brown,* of Las Vegas, for Respondent.

**OPINION**

By the Court, THOMPSON, J.:

This is an action to set aside a deed to real property on the ground of fraud.[1] The action was commenced by Mackley Odett, one of the grantors, against Anna Parks, one of the grantees. The deed which this action seeks to void was executed and recorded in 1964. The grantors were Mackley Odett and her husband, Percy Odett, and the grantees were Percy Odett, Mackley Odett, Owen Parks and Anna Parks as joint tenants. Percy Odett and Owen Parks died before this suit was started. Mackley Odett died pending this appeal and the executrix of her estate substituted in her place.

The district court set aside the deed because the legal description of the land conveyed was legally insufficient. No finding was made upon the issue of fraud. On this appeal the grantee-appellant contends that she did not have her day in court since the legal sufficiency of the description was not an issue raised by the pleadings, nor did it become an issue during trial and cannot, therefore, be deemed to have been tried with the implied consent of the parties. NRCP 15(b); Whiteman v. Brandis, 78 Nev. 320, 322, 372 P.2d 468 (1962). This contention is sound. The case was tried by both sides upon the issue of fraud. After the evidence was closed the court stated its concern about the adequacy of the description, and called for briefs.[2] We do not fault the court for its concern. We do, however, believe that the parties should have been afforded an opportunity to offer extrinsic evidence on the point. A description may be made certain and sufficient

---

[1] The complaint also purports to be one to quiet title against all adverse claimants. The procedural requirements of a statutory quiet title action, NRS ch. 40, were not met. That remedy is cumulative [NRS 40.120] and does not preclude equitable relief as between the parties who appear and litigate the issues. Low v. Staples, 2 Nev. 209 (1866); MacDonald v. Krause, 77 Nev. 312, 362 P.2d 724 (1961).

[2] The description: Part of the Northwest ¼ of the Southwest ¼, Section 28, Township 20, Range 61, 1.33 acres. Thus, the inquiry becomes—which part of the mentioned quarter sections?

by such evidence. Paroni v. Ellison, 14 Nev. 60 (1879). Should it appear that the grantors owned only 1.33 acres in the quarter sections mentioned in the deed, then, perhaps, a sufficient description could be determined from other documents in the chain of title. Cf. Brown v. Warren, 16 Nev. 228 (1881). Of course, the court need not receive evidence on this point if it finds that the deed must be voided upon the ground of fraud.

Reversed and remanded for further proceedings in accordance with this opinion.

ZENOFF, BATJER, and MOWBRAY, JJ., and YOUNG, D. J., concur.