JAMES A. BROOKS and LOIS BROOKS, Appellants, v. MINNIE JENSEN, Respondent.

No. 6264

April 12, 1971                          483 P.2d 650

*Breen, Young, Whitehead & Hoy,* of Reno, for Appellants.

*Guild, Guild & Cunningham* and *David W. Hagen,* of Reno, for Respondent.

**OPINION**

By the Court, THOMPSON, J.:

This action was commenced by James A. Brooks and Lois Brooks to establish their right to an easement for a road 23 feet in width over an adjoining parcel of land owned by Minnie Jensen. Their claim rests primarily upon recorded documents which, they assert, confirm the easement as appurtenant to their land and a charge upon the land of Minnie Jensen.[1] In defense, Minnie Jensen alleges extinguishment of the easement by abandonment, and by counterclaim, asserts fee title to the 23-foot strip by adverse possession. At the close of the plaintiffs' case

---

[1] Mr. and Mrs. Brooks also asserted an easement by prescription over the Jensen parcel. Because of our disposition of the appeal, this claim is not discussed.

the district court dismissed the action pursuant to the defendant's Rule 41(b) motion.

The recorded documents were received in evidence and are not questioned. Testimonial evidence provides some conflict as to the use made of the road through the years. In reviewing the propriety of the dismissal we must read the record in the light most favorable to the plaintiffs against whom the motion was made. Schmidt v. Merriweather, 82 Nev. 372, 418 P.2d 991 (1966). Our recitation of the testimonial evidence is with this principle in mind.

Before 1931 the adjoining parcels of the litigants were part of a large tract of land owned by Lena Jensen and A. Jensen, Sr. In 1931 the senior Jensens intended to convey to their son the parcel now occupied by Minnie Jensen. The deed erroneously described the parcel intended and reserved to the grantors an easement for a road 23 feet in width. The deed actually described a parcel of land which the grantors did not own. The son, who has since died, and his wife Minnie moved onto the parcel intended for them and Minnie has lived there to this day. In 1940 Minnie learned of the mistaken description and asked Lena Jensen to correct it by executing another deed. Lena obliged by executing a quitclaim deed to Minnie correctly describing the parcel which Minnie had occupied for nine years and, once more, reserving to the grantor an easement for a road 23 feet in width.

James and Lois Brooks obtained their adjoining parcel through mesne conveyances from Lena Jensen. Each deed in their chain of title back to Lena Jensen carried "appurtenances thereunto belonging." Such is the documentary evidence which, in our view, verifies the claim of Mr. and Mrs. Brooks to an easement over Minnie Jensen's land. We shall first explain why this is so, and then consider whether that easement was extinguished by abandonment, prescription, or as contended by Minnie Jensen, never existed at all when the correction deed was executed in 1940.

1. The reservation of an easement over Minnie's parcel contained in the 1940 quitclaim deed was appurtenant to the large tract of land then owned by Lena Jensen. There is nothing contained in that conveyance to suggest that the easement therein reserved was to be appurtenant to the dominant estate only while such estate remained in single possession. Absent such a restriction, those who succeed to possession of parts of

the dominant tenement also succeed to the privilege of using the easement reserved for the benefit of the dominant tenement. Cox v. Glenbrook Co., 78 Nev. 254, 263, 371 P.2d 647 (1962). As already noted, the conveyances of the parcel now owned by Mr. and Mrs. Brooks each carried appurtenances. The recorded documents establish the easement as appurtenant to the Brooks parcel.

2.   An easement thus acquired may be extinguished by abandonment, prescription and in other ways not here relevant. The loss of an easement by abandonment depends upon a finding of an intention to abandon and nonuse of the easement is, of course, evidence of such intention. Rest. Prop. § 504 (1944). The testimonial evidence when read most favorably to the plaintiffs denies abandonment. The plaintiffs have used the road continuously for ingress to and egress from their home which was built in 1961. Their predecessor had used the road once or twice a week from 1950 to 1961 to haul hay and grain to animals. Indeed, from 1931 to 1941 the senior Jensens had chicken coops on the present site of the Brooks home and their employees used the road during that time and no effort was made to deny such use. There is a fence along the road and between the road and the Jensen home which has been there as long as Minnie Jensen could remember. Perhaps controverting evidence will be presented if a full trial occurs. At this juncture, however, abandonment cannot be found as a matter of law.

An easement may be extinguished by prescription—that is, use of the servient tenement by the possessor of it which would be privileged if the easement did not exist, provided the use is adverse to the owner of the easement and such adverse use is, for the period of prescription, continuous and uninterrupted. Rest. Prop. § 506 (1944). The period of prescription for extinguishing an easement is the same as that fixed by local law for obtaining one. In Nevada, that period is five years. Stix v. LaRue, 78 Nev. 9, 11, 368 P.2d 167 (1962); Howard v. Wright, 38 Nev. 25, 29, 143 P. 1184 (1914). Although extinguishment by prescription is not specifically pleaded in this case, the servient owner, Minnie Jensen, does claim fee title to the 23-foot strip by adverse possession, the elements of which, in large part, coincide with prescription. It is for this reason that we mention extinguishment by prescription. It seems to us that the facts already related concerning use of the way

by the plaintiffs and their predecessors prima facie denies loss of their easement by prescription.

3. We have mentioned the counterclaim of Minnie Jensen through which she asserts fee title to the 23-foot strip by adverse possession. It is her contention that full title to the 23-foot strip and the entire parcel was acquired before the quit-claim correction deed was executed in 1940, because she had lived on the property since 1931, improved it, paid the taxes assessed and claimed it as her own. Accordingly, the correction deed was ineffective as a conveyance since Lena Jensen, by 1940, had lost title to that parcel by the adverse possession of her son and daughter-in-law Minnie. In short, Lena had nothing to convey.

This contention would carry weight if the possession of the parcel by Minnie and A. Jensen, Jr., was hostile to the senior Jensens. Actual and peaceable possession is not enough. The possession must be hostile in its inception; actual, peaceable, open, notorious, continuous and uninterrupted for the statutory period. McDonald v. Fox, 20 Nev. 364, 368 (1889). Moreover, the evidence needed to show hostility must be stronger in a case between relatives than that required in a case between strangers. Lanigir v. Arden, 82 Nev. 28, 409 P.2d 891 (1966). Minnie and her husband moved onto the parcel in issue in 1931 under the mistaken belief that it had been deeded to them. Thereafter, the senior Jensens used the road over that parcel without objection by their grantees. Their possession was thought by all concerned to be the possession of an owner of the parcel, and not possession adverse and hostile to the true owner thereof. This is confirmed by the desire of Minnie Jensen to acquire lawful title by a correction deed in 1940, which desire was accommodated by her mother-in-law. In these circumstances hostile possession is denied as a matter of law. The case of Rodgers v. Carpenter, 44 Nev. 4, 189 P. 67 (1920), is factually inapposite since it did not involve the acquiescence of those originally concerned with possession to correct a mistake and to vest title in line with their acknowledged intentions.

4. Minnie asserts that the easement, when reserved, was intended only to benefit the dominant tenement in its then agricultural use, and may not now be burdened by Mr. and Mrs. Brooks for domestic use. The reservation was not so restricted. It was simply for a road 23 feet in width. The use to which the road was to be put is not indicated by the documents, and the record may be read to show that the change in use, if a

noticeable change at all, simply evolved along with the normal change in the character of the dominant tenement. The issue of burden upon the servient estate cannot be said to have been fully explored.

For the reasons expressed the decision below is reversed and the case remanded for trial.

ZENOFF, C. J., BATJER, MOWBRAY, and GUNDERSON, JJ., concur.