EVERETT M. TRIPLETT AND EDNA J. TRIPLETT, Hus-
BAND AND WIFE, APPELLANTS, v. DAVID H. FUL-
STONE COMPANY, A NEVADA CORPORATION; CLAUDE
W. CHISUM AND HAZEL A. CHISUM, HUSBAND AND
WIFE, RESPONDENTS.

No. 22371

March 24, 1993                                        849 P.2d 334

*Robert J. Bennett,* Fernley, for Appellants.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell* and
*David Lloyd* and *Joan C. Wright,* Carson City, for Respondent
David H. Fulstone Company.

*Ronald T. Banta,* Yerington, for Respondents Claude W. Chi-
sum and Hazel A. Chisum.

---

[3]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the
decision of this matter.

## OPINION

*Per Curiam:*

This dispute involves approximately thirty-five acres of land located in Lyon County and abutting the Walker River. Both the appellants, Everett and Edna Triplett (Tripletts), and the respondents, David H. Fulstone Company and Claude and Hazel Chisum (Fulstones), claim title to the property based upon three deeds that Lyon County executed to their predecessor in interest. We conclude that Lyon County's deed to the Tripletts' predecessor in interest was a valid conveyance of the property which, being the first conveyance in time, takes precedence over the later conveyances to Fulstones' predecessors in interest.

In 1907, the disputed property was held by Mason Townsite Company. In 1935, because of the failure of Mason Townsite to pay assessed taxes, the property was conveyed to Lyon County by tax deed. The property conveyed in 1935 to Lyon County was described as:

> Frac. W½ of SE¼; Frac. SW¼ of NE¼, Sec. 28, T. 13, N. R. 25 E., water only, for the total purchase price of $90.05.

At this time, the two conflicting chains of title from which the Tripletts and the Fulstones claim title begin. In 1937, Lyon County conveyed the tract to one of Tripletts' predecessors in interest after a tax sale. The description in the 1937 deed from Lyon County to the Tripletts' predecessor in interest did not contain the same language as contained in the conveyance by tax deed to the County, but was described as follows:

> Fr. W½; Fr. SE¼; Fr. SW¼; Fr. NE¼, Sec. 28, T. 13 N., R. 25 E., M. D. B. & M., 60 acres, formerly assessed to Mason Townsite Company.

The 1937 deed, read without reference to the land formerly assessed to Mason Townsite, contains an inadequate legal description of the land conveyed. As can be seen by comparing the 1935 deed with the 1937 deed, the word "of" has been omitted twice in the first line of the 1937 deed description and replaced with "; Fr." However, in the "Walker River Irrigation District—Lyon County Assessment Roll for the year 1932," the land formerly assessed to Mason Townsite Company was correctly described as:

Mason Townsite Co., Frac. W½ of SE¼, Frac. SW¼ of NE¼, Sec. 28, T. 13, N. R. 25 E.

Further, an "Assessor's Plat Book" from the 1930s represented the property assessed to Mason Townsite Company as including all of the disputed property.

In 1939 and 1941, Lyon County, apparently not realizing it had already conducted a tax sale of this land, held additional tax sales of the disputed property. The deeds conveyed at these tax sales begin Fulstones' chain of title, and the property conveyed was described in language almost identical to the description in the original 1935 conveyance to Lyon County by tax deed. These deeds did not contain the omission of the words "of," as did the 1937 deed.

It is undisputed that Fulstones were the only party paying taxes on the disputed property during the five years prior to the filing of the complaint. Furthermore, the Fulstones have possessed the property for at least the previous fifteen years, and the record shows that they have used the property for pasturing, hunting and woodcutting, and for the storing of farm equipment.

The district court rejected the extrinsic evidence offered to ascertain the full legal description of the property, and it concluded that it was impossible to ascertain the location of the property by the description in the tax deed conveying title to Tripletts' predecessor. Therefore, the court held that the Tripletts had failed to establish that the contested property was included in their deed. The district court concluded that the Fulstones had adversely possessed the property under the requirements of NRS 40.090. The Tripletts have appealed these determinations.

## Legal Discussion

The first issue presented is whether the 1937 tax deed to the Tripletts' predecessors in interest was a valid conveyance of the disputed property. This court has held that an inadequate legal description of the land in a deed may be remedied by extrinsic

evidence. *See* Parks v. Quintana, 86 Nev. 847, 477 P.2d 869 (1970); Brown v. Warren, 16 Nev. 228 (1881); Paroni v. Ellison, 14 Nev. 60 (1879).

The correct legal description of the 1937 deed can be easily ascertained by reference to the Lyon County assessment rolls. The 1937 tax deed specifically referenced land "formerly assessed to Mason Townsite Company," and because reference to the tax rolls establishes a description which encompasses the disputed property, we conclude that the holders of the first deed to the property have title to it. Because the deed to the Tripletts' predecessor in interest was validly conveyed and filed, it follows that this conveyance takes precedence over the subsequent conveyances to the Fulstones' predecessors in interest. *See* NRS 111.320. Finally, although it appears that the 1937 deed should have provided sufficient warning for subsequent purchasers to be on notice of a previous conveyance, because this issue was not raised at the trial level or on appeal, we express no opinion with regard to this issue.

The second issue is whether the district court correctly reached the conclusion that the Fulstones adversely possessed the land to which the Tripletts had a superior title. NRS 11.100 states that the holder of legal title to property is presumed to be in possession of the property. *See generally* Biasi v. Leavitt, 101 Nev. 86, 89-90, 692 P.2d 1301, 1304 (1985) (citing McDonald v. Fox, 20 Nev. 364, 22 P. 234 (1889)). Furthermore, we have held that an adverse possessor is required to show that the occupation of the property is "hostile, actual, peaceable, open, notorious, continuous and uninterrupted." Sutro Tunnel Co. v. Lipscomb, 102 Nev. 225, 231, 720 P.2d 1204, 1207 (1986).

The district court found that the Fulstones had adversely possessed the property, and the evidentiary record provides ample support for this finding. Tripletts attempted to obtain a drainage easement across the disputed land from the Fulstones before the Tripletts acquired their deed to the disputed property. This is clear evidence that the Fulstones were holding title to the property hostile and adverse to the Tripletts. The Fulstones have occupied and claimed the property for at least fifteen years. They have used the property for storing farm equipment, pasturing livestock, hunting, and woodcutting. *See* NRS 11.110-.140. Finally, Fulstones have paid taxes on the property for the past five

years. *See* NRS 11.150. Because we believe the evidence adduced below affirmatively established adverse possession by clear and competent proof, we affirm the judgment of the district court.[1]

---

[1]The Honorable Miriam Shearing, Justice, did not participate in the decision of this appeal.