140 Nev., Advance Opinion 27

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BO JONES AND DAN JONES, HUSBAND AND WIFE, Appellants, vs. HAMED GHADIRI, AN INDIVIDUAL, Respondent. | No. 85305 FILED APR 18 2024 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY _____ CHIEF DEPUTY CLERK |

Appeal from a district court summary judgment in a real property dispute. Eighth Judicial District Court, Clark County; Crystal Eller, Judge.

*Affirmed.*

Black & Wadhams and Allison R. Schmidt, Las Vegas,
for Appellants.

Law Office of Malik W. Ahmad and Malik W. Ahmad, Las Vegas,
for Respondent.

Maupin, Cox & LeGoy and Rick R. Hsu, Reno,
for Amicus Curiae the State Bar of Nevada, Real Property Section.

BEFORE THE SUPREME COURT, EN BANC.[1]

---

[1]The Honorable Patricia Lee, Justice, being disqualified, did not participate in the decision of this matter.

24-13600

*OPINION*

By the Court, STIGLICH, J.:

Long before the parties acquired ownership of their respective properties, a block wall was erected to divide the neighboring lots. When respondent discovered that the wall did not follow the property line and, consequently, that he was being denied the use of his property, he sought to remove the wall and build a new one on the property line. In response, appellants filed a complaint in the district court for, among other things, a prescriptive easement or adverse possession. The district court found that appellants could not prevail on their claim for adverse possession because they did not pay the property taxes on the disputed property. The district court further found that a prescriptive easement was unavailable because it would result in respondent's complete exclusion from the subject property. Accordingly, the district court granted summary judgment for respondent, determining that appellants are not entitled to a prescriptive easement or adverse possession as a matter of law.

We take this opportunity to distinguish the two concepts, as they are fundamentally different and give rise to distinct relief. As Nevada law does not concretely declare whether we recognize comprehensive prescriptive easements, easements that result in the complete exclusion of the servient estate from the subject property, we examine the approaches taken by sister jurisdictions. While several states have categorically rejected comprehensive prescriptive easements, California has adopted the view that exceptional circumstances may give rise to such easements. Considering both our caselaw and California caselaw, we are persuaded that exceptional circumstances may warrant comprehensive prescriptive easements. However, we stress that such relief is rare. As appellants have

not demonstrated exceptional circumstances, we affirm the district court's order granting summary judgment in favor of respondent.

## FACTS AND PROCEDURAL HISTORY

In 2015, appellants Bo and Dan Jones purchased property in Las Vegas. Immediately thereafter, the Joneses made substantial improvements near a block wall that had been erected in 1989 and that ran between their property and the neighboring property. These improvements included the installation of recreational vehicle utility hookups and a new iron gate. When not traveling, the Joneses also stored their recreational vehicle next to the block wall.

In 2016, respondent Hamed Ghadiri purchased the property located on the other side of the block wall. Several years later, Ghadiri discovered that a portion of his property was on the Joneses' side of the block wall (the disputed property). The disputed property is 591 square feet in size. Ghadiri commissioned a survey of the property line, which confirmed that the wall was not on the property line and that the disputed property was on Ghadiri's side of the lot line. Ghadiri acquired a permit to destroy the block wall and install a new wall on the property line at his expense.

The Joneses filed a complaint against Ghadiri for, *inter alia*, a prescriptive easement, adverse possession, and a temporary restraining order. Although the district court granted a temporary restraining order, it denied the Joneses' subsequent motion for a preliminary injunction. This court affirmed the district court's denial, *Jones v. Ghadiri*, No. 83184, 2022 WL 3336143 (Nev. Aug. 11, 2022) (Order of Affirmance), and Ghadiri removed the wall sometime thereafter.

Later, Ghadiri moved for summary judgment against the Joneses' claims for adverse possession and a prescriptive easement.

Ghadiri asked the court to dismiss the Joneses' claim for adverse possession because the Joneses had not paid property taxes on the disputed property. Relying heavily on California caselaw, Ghadiri further contended that a prescriptive easement was unavailable, as it would result in his complete exclusion from the disputed property. The Joneses asserted that a question of fact remained as to who paid taxes on the disputed property and that Nevada caselaw recognizes prescriptive easements resulting in a landowner's complete exclusion from the subject property.[2]

After granting summary judgment in Ghadiri's favor as to the claim for adverse possession, the district court noted that the Joneses' claim for a prescriptive easement was "essentially a meshing of adverse possession with a prescriptive easement." Given the dearth of Nevada caselaw on the availability of such easements, the district court considered cases from neighboring states, such as California and Arizona. Following those cases, the court determined that a prescriptive easement "simply cannot be so extensive as to create the practical equivalent of an exclusive possessory estate" and that adverse use, as an element of a claim for a prescriptive easement, "cannot result in the complete exclusion of the owner of the servient estate." The district court noted that an unpublished Nevada case, *CSA Development, LLC v. Bryant*, No. 68444, 2016 WL 7105072 (Nev. Dec. 2, 2016) (Order of Affirmance), arguably recognized the availability of prescriptive easements that result in the servient estates' complete exclusion from the subject property. Ultimately, however, the district court

---

[2]In relation to their claim for adverse possession, the Joneses argued that a question of fact remained as to who paid taxes on the disputed property because property taxes are partly based on visual inspections conducted every five years. As the Joneses do not challenge the district court's order as to their claim for adverse possession, we do not address it further.

indicated that the case had little persuasive value because it lacked clarity as to when such a prescriptive easement was available. Finding that no exceptional circumstances justified the Joneses' requested prescriptive easement, the district court granted summary judgment in favor of Ghadiri on the claim. The Joneses now appeal.

## DISCUSSION

The Joneses' primary contention on appeal is that because they were entitled to a prescriptive easement as a matter of law, the district court erred in granting Ghadiri's motion for summary judgment.[3] We review a district court's grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Summary judgment is appropriate . . . when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that are properly before the court demonstrate that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Id.* at 731, 121 P.3d at 1031. We "review questions of law, including interpretation of caselaw, de novo." *Martin v. Martin*, 138 Nev., Adv. Op. 78, 520 P.3d 813, 817 (2022).

*Adverse possession versus easements*

As acknowledged by the district court, the arguments and claims for adverse possession and a prescriptive easement became muddled below. And while the Joneses do not challenge the district court's rejection of their adverse possession claim, it is necessary for us to distinguish the

---

[3]The Joneses also contend that the district court erred by admitting Ghadiri's survey because it was unauthenticated. As the Joneses did not raise this argument below, we decline to entertain it. *See Diamond Enters., Inc. v. Lau*, 113 Nev. 1376, 1378, 951 P.2d 73, 74 (1997) ("It is well established that arguments raised for the first time on appeal need not be considered by this court.").

concepts before considering the propriety of the Joneses' claim for a prescriptive easement.

"Adverse possession is a doctrine under which a person in possession of real property owned by someone else may acquire valid title . . . ." 142 Am. Jur. 3d *Proof of Facts* 349 (originally published in 2014). The holder of valid title is vested with all property rights, including the right to *exclusively control* the property, subject to any easements. *See City of Fredericktown v. Osborn*, 429 S.W.2d 17, 22 (Mo. Ct. App. 1968) (explaining that generally, "an owner has the right to the exclusive possession and control of his property") (citing *Hoffmann v. Kinealy, Mo.*, 389 S.W.2d 745 (Mo. 1965)). "[A]n adverse possessor is required to show that the occupation of the property is hostile, actual, peaceable, open, notorious, continuous and uninterrupted." *Triplett v. David H. Fulstone Co.*, 109 Nev. 216, 219, 849 P.2d 334, 336 (1993) (internal quotation marks omitted). An adverse possessor must also show "that the land has been occupied and claimed for the period of 5 years, continuously, and that the party or persons, their predecessors and grantors have paid all taxes, state, county and municipal, which may have been levied and assessed against the land for the period mentioned." NRS 11.150.

A prescriptive easement is a common law claim by which one may acquire the legal right to *use* land that he or she does not own. *See* Restatement (Third) of Property (Servitudes) § 1.2(1) (1998) (explaining that easements create "a nonpossessory right to *use* land in the possession of another" (emphasis added)). "[A]dverse, continuous, open and peaceable use for a five-year period are the requisite elements for claiming" a prescriptive easement. *Jordan v. Bailey*, 113 Nev. 1038, 1044, 944 P.2d 828, 832 (1997). Importantly, an easement, whether prescriptive, implied, or otherwise, generally grants a "*non-possessory interest* in the land of another

SUPREME COURT
OF
NEVADA

(O) 1947A

6

which entitles the owner of the easement to a *limited use* or enjoyment of said land." Hall & Buckley, *Nevada Real Property Practice & Procedural Manual*, 32 (Nev. State Bar 2021) (citing Restatement (First) of Property § 450 (1944)) (emphases added). As this court explained in *Boyd v. McDonald*, "[a]n easement is a right, distinct from ownership, to use in some way the land of another. . . . It gives no right to possess the land upon which it is imposed, but a right merely to the party in whom the easement is vested to enjoy it." 81 Nev. 642, 647, 408 P.2d 717, 720 (1965) (internal quotation marks and alterations omitted). Thus, the crucial difference between adverse possession and an easement is that the former results in the acquisition of title and the right to exclusively control the subject property while the latter results in the right to a limited use of the subject property. *Hebert v. City of Fifty Lakes*, 744 N.W.2d 226, 231 n.3 (Minn. 2008).

Here, the Joneses asserted a claim for a prescriptive easement, but their requested relief aligns with adverse possession. After all, the Joneses demanded more than the mere *use* of the disputed property; they sought *exclusive control* of it. And to seek exclusive control of the disputed property is to seek adverse possession. The trouble for the Joneses, as recognized by the district court, is that they have not paid the requisite property taxes on the disputed property. Thus, the Joneses sought adverse possession under the guise of an extraordinary prescriptive easement. This type of easement is known as a "comprehensive prescriptive easement," as, unlike a typical easement, it results in the owner of the servient estate being completely excluded from the subject property. Will Saxe, *When "Comprehensive" Prescriptive Easements Overlap Adverse Possession: Shifting Theories of "Use" and "Possession,"* 33 B.C. Env't Aff. L. Rev. 175, 193 (2006).

We will not lightly allow the long-recognized distinction between adverse possession and prescriptive easements to collapse. Nor will we lightly allow parties to reap the fruits of adverse possession without complying with statutory requirements. We therefore reject the liberal use of comprehensive prescriptive easements and clarify when comprehensive prescriptive easements may be available in Nevada.

*Comprehensive prescriptive easements are available only in exceptional circumstances*

The Joneses argue that Nevada law recognizes comprehensive prescriptive easements and that the district court erred by relying on California authority to hold otherwise. The Real Property Section of the Nevada State Bar, as amicus curiae, argues that *CSA* blurred the line between adverse possession and prescriptive easements and that the distinction between the two, as recognized in *Boyd*, should be followed. Ghadiri argues that this court should follow California cases, which he asserts have rejected comprehensive prescriptive easements. We begin by examining Nevada caselaw to see whether comprehensive prescriptive easements are available.

In *CSA*, Patrick and Eleanor Bryant graded their lot and constructed a block wall thereon. No. 68444, 2016 WL 7105072, at *1. The block wall encroached onto an adjacent vacant lot. *Id.* At least 16 years later, CSA purchased the vacant lot and filed suit, alleging quiet title, nuisance, trespass, and unjust enrichment. *Id.* The Bryants claimed they had a prescriptive easement over the area encroached upon by the block wall, and the district court agreed. *Id.* Although *CSA* affirmed the district court's ruling, *id.* at *3, this court did not consider or analyze the circumstances under which we will recognize comprehensive prescriptive easements. As is common of unpublished dispositions, *CSA* also did not

include a detailed factual background, such as a description of the wall, how much it encroached onto the vacant property, or whether the easement would prevent CSA from using and enjoying a substantial portion of its property. As a result, we are unable to rely on *CSA* for the broad interpretation proposed by the Joneses. Thus, we disavow any language in *CSA* that may be read as allowing for a comprehensive prescriptive easement without articulation of a rationale for granting such an extraordinary easement.

The Joneses' reliance on our decision in *Boyd*, where we affirmed a district court order granting an easement that resulted in the servient estate's complete exclusion from the subject property, is likewise misplaced. 81 Nev. at 652, 408 P.2d at 722. In *Boyd*, a supporting wall and overhanging roof of a motel extended 2.6 feet onto an adjacent property. *Id.* Additionally, the motel maintained a sign that was "some distance from the boundary" line.[4] *Id.* at 644, 408 P.2d at 718. After recognizing that "[a]n easement is a right, distinct from ownership," this court concluded that an easement existed only as to the 2.6-foot encroaching wall and roof. *Id.* at 647, 408 P.2d at 720 (internal quotations omitted). However, we held that the sign could not be classified as an easement because it was too far from the boundary line. *Id.* at 652, 408 P.2d at 722-23.

Unmistakably, there was no argument for a prescriptive easement in *Boyd*. *Id.* at 650 n.8, 408 P.2d at 721 n.8. Rather, this court considered whether there was an easement by implication, or whether "the owner of two parcels had so used one to the benefit of his other that, on selling the benefited parcel, a purchaser could reasonably have expected, without further inquiry, that these benefits were included in the sale." *Id.*

[4]Also in dispute was a patio and driveway; however, this court remanded those issues for further proceedings. *Id.* at 652, 408 P.2d at 723.

at 649, 408 P.2d at 721. Unlike a prescriptive easement, which we described in passing as "a condition generally analogous to adverse possession," an easement by implication depends on the intention of the parties, as shown by the reasonable expectation of a person purchasing or receiving land. *Id.* at 647-49, 408 P.2d at 720-21. Despite the different type of easement at issue, *Boyd* is instructive as it recognized a comprehensive easement *only* as to the roof and wall that encroached a mere 2.6 feet; this court refused to extend such an easement to the sign that "was so removed from the boundary . . . that no reasonable purchaser could have considered it part of the transaction without at least some inquiry." *Id.* at 652, 408 P.2d at 722-23. Thus, *Boyd* implicitly acknowledged limits on a comprehensive easement, albeit not in the context of a prescriptive easement.

Because Nevada lacks caselaw directly on point, we turn to the approaches taken by jurisdictions that, like Nevada, require adverse possessors to pay taxes on property subject to an adverse possession claim. Many of these jurisdictions, including Arizona, Florida, Idaho, Montana, and Utah, have categorically rejected comprehensive prescriptive easements. *See generally Etz v. Mamerow*, 233 P.2d 443, 444 (Ariz. 1951); *Platt v. Pietras*, 382 So. 2d 414, 416 (Fla. Dist. Ct. App. 1980); *Oakley Valley Stone, Inc. v. Alastra*, 715 P.2d 935, 938-39 (Idaho 1985); *Burlingame v. Marjerrison*, 665 P.2d 1136, 1140 (Mont. 1983); *Nyman v. Anchor Dev., LLC*, 73 P.3d 357, 362 (Utah 2003). They have done so for two common reasons. First, comprehensive prescriptive easements blur the distinction between adverse possession and easements. Second, comprehensive prescriptive easements subvert the tax requirement for adverse possession.

California, however, has recognized that a comprehensive prescriptive easement may be warranted in exceptional circumstances. *See Mehdizadeh v. Mincer*, 54 Cal. Rptr. 2d 284, 290 (Ct. App. 1996) ("There are

SUPREME COURT
OF
NEVADA

(O) 1947A

some circumstances in which the grant of an exclusive easement, which resembles or is nearly the equivalent of a fee interest, can be justified."). Such circumstances may include a "socially important duty of a utility to provide an essential service, such as water or electricity[,]" *id.* at 290, or where public health or safety is at issue, *cf. Otay Water Dist. v. Beckwith*, 3 Cal. Rptr. 2d 223, 226 (Ct. App. 1991).

Though the categorical rejection of comprehensive prescriptive easements is well-reasoned, we adopt the view, as taken by California, that comprehensive prescriptive easements may be warranted if a party demonstrates exceptional circumstances. While there is no exhaustive list of exceptional circumstances that will justify a comprehensive prescriptive easement, the determination as to whether a circumstance is exceptional is generally a fact-intensive question.

Here, the Joneses have not demonstrated exceptional circumstances warranting a comprehensive prescriptive easement. Unlike our decision in *Boyd*, where we recognized a comprehensive easement when a nonmovable building encroached by a mere 2.6 feet and resulted in a de minimus loss of usable property for the servient estate, here the Joneses merely made improvements to an RV parking space and the grant of a comprehensive prescriptive easement would deprive Ghadiri of nearly 600 square feet of usable space. We therefore conclude that the district court did not err and affirm the district court's grant of Ghadiri's motion for summary judgment.

## CONCLUSION

Nevada has long recognized the distinction between adverse possession and prescriptive easements. While we continue to recognize that important distinction, today we also recognize that exceptional circumstances may warrant comprehensive prescriptive easements. The

determination as to when an exceptional circumstance is present is generally a fact-intensive question. As the Joneses failed to demonstrate any such circumstance, we affirm the judgment of the district court.

_____, J.
Stiglich

We concur:

_____, C.J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

_____, J.
Parraguirre

_____, J.
Bell

